**In re TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND.**

No. 08–02–00270–CV.

Court of Appeals of Texas, El Paso.

Dec. 12, 2002.

Angela Morrow Nickey, Robles, Bracken, Coffman & Hughes, L.L.P., El Paso, for Relator.

Thomas A. Spieczny, El Paso, for Real Party In Interest.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

DAVID WELLINGTON CHEW, Justice.

This original proceeding in mandamus arises from a judgment entered by the 120th Judicial District Court of El Paso County in a case styled *Carlos Gandarilla v. The Travelers Indemnity Company of Rhode Island*, Cause No. 92–584. The judgment was filed in 1992, and included a specific finding that Mr. Gandarilla suffered a substantial and permanent work-related injury. The judgment also ordered life time medical coverage for any and all medical expenses relating to this injury. The relator, Travelers Indemnity Company of Rhode Island ("Travelers"),

paid Mr. Gandarilla's claims for almost ten years. In the Fall of 2001, Travelers submitted Mr. Gandarilla's claims to a medical peer review and an independent medical examination. As a result, Travelers determined the claims were not medically necessary and denied reimbursement for prescription drugs and refused to pay for a health club membership.

Mr. Gandarilla, the real party in interest, then filed suit against Travelers, alleging breach of the settlement agreement, insurance "bad faith," and violation of the Texas Insurance Code. Travelers filed a plea in abatement requesting the trial court refrain from exercising jurisdiction. On April 19, 2002, the trial court overruled Travelers' plea and entered an order retaining jurisdiction. Travelers now seeks from this Court a writ of mandamus compelling the trial court to withdraw its order of April 19, 2002, and substitute in its place an order abating the underlying lawsuit in favor of the exclusive jurisdiction of the Texas Workers' Compensation Commission.

■ Mandamus is an extraordinary remedy, available only in limited instances. *Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304, 305 (Tex.1994). Such relief is available if the trial court violates a duty imposed by law or clearly abuses its discretion, in resolving factual or legal issues, when there is no other adequate remedy by law. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). Generally, a reviewing court lacks jurisdiction to issue writs of mandamus to supervise or correct incidental rulings of the trial court when there is an adequate remedy through appeal. *See Abor v. Black,* 695 S.W.2d 564, 566 (Tex. 1985). It is the party seeking mandamus relief that must establish both the absence of an adequate remedy and the trial

court's abuse of discretion. *In re Bay Area Citizens Against Lawsuit Abuse,* 982 S.W.2d 371, 375 (Tex.1998). The petitioner's burden is a heavy one and the path by which he must pass is quite narrow. *Canadian Helicopters, Ltd.,* 876 S.W.2d at 305; *Lutheran Social Serv., Inc. v. Meyers,* 460 S.W.2d 887, 889 (Tex.1970). A court's refusal to abate is the type of ruling for which there is usually an adequate remedy by appeal. *In re Luby's Cafeterias, Inc.,* 979 S.W.2d 813, 815 (Tex.App.-Houston [14th Dist.] 1998, no pet.). An exception to this general rule occurs when one court interferes with the jurisdiction of another court or when a party seeks to enforce mandatory statutory rights. *Id.*

■ Travelers argues the real party in interest's claims against it are subject to the exclusive jurisdiction of the Texas Workers' Compensation Commission ("TWCC") under the Texas Workers' Compensation Act.[1] Travelers further asserts the trial court's exercise of jurisdiction vitiates the purpose of the Act and leaves them without an adequate remedy by appeal. In particular, Travelers maintains Mr. Gadarilla was required to comply with the mandatory administrative remedy of medical dispute resolution through the TWCC.

■ In 1989, the Legislature enacted the Texas Workers' Compensation Act which restructured the workers' compensation system. *Lumbermens Mutual Casualty Company v. Manasco,* 971 S.W.2d 60, 61 (Tex.1998). The statutory changes created an extensive administrative procedure for all compensation disputes. *Id.* Under the new law, the Workers' Compensation Commission has exclusive jurisdiction of disputes over preauthorization of medical care and reimbursement of medical expenses. *American Motorists Insur-*

---

1. Tex.Labor Code Ann. § 413.031 (Vernon 1996 and Supp.2003).

*ance Co. v. Fodge,* 63 S.W.3d 801, 803 (Tex.2001), *citing* TEX.LABOR CODE ANN. § 413.031. The Commission has established a procedure for claimants wishing to contest an insurance carrier's denial of benefits, namely, a medical dispute resolution. *See* 28 TEX.ADMIN.CODE § 134.600(g) (2002). The Act is designed to assure the injured employee that he will be fairly and reasonably compensated for his injuries while saving the employer the time, expense, and uncertainty of litigation. *In re Luby's Cafeterias, Inc.,* 979 S.W.2d at 817.

While not persuaded by Travelers' argument that the trial court has improperly denied them a statutory right under the Act, we agree that if this premise were true, the remedy of appeal would not be adequate. So, we will address Travelers claim on the merits and consider whether the trial court abused its discretion in denying the plea in abatement.

Travelers' contention relies squarely on the view that TWCC has exclusive jurisdiction in any and all disputes between injured employees and medical providers or insurance carriers. However, the statutory and administrative scheme upon which they rely did not exist at the time Mr. Gandarilla was injured. Moreover, Mr. Gandarilla's compensation benefits were established by the court, not the Commission. Neither the statute nor the administrative rules cited by Travelers clearly address claims arising from court judgments entered prior to the amendment of the Labor Code.

Travelers has not cited, nor do we find, any case law suggesting the passage of the Workers' Compensation Act and the subsequent related administrative rules effectively removed or altered the judiciary's jurisdiction over its own previously decided judgments. As such, the failure of the trial court to abate the case and concede jurisdiction to the Commission cannot be viewed as an abuse of discretion. *Walker,* 827 S.W.2d at 839–40. Courts have always had explicit statutory authority and inherent judicial power to enforce their jurisdiction. *See* TEX. CONST. art. V, §§ 8 and 16; TEX.GOV'T CODE ANN. § 21.001(a)(Vernon Supp.2003); TEX.R.CIV.P. 308; *Arndt v. Farris,* 633 S.W.2d 497, 499 (Tex.1982). In the absence of clear and contrary statutory or judicial guidance, we will not decide otherwise. The petition for writ of mandamus is denied.