In re **LOUISIANA–PACIFIC CORPORATION, et al.**

No. 09–03–109 CV.

Court of Appeals of Texas, Beaumont.

Submitted March 18, 2003.

Decided June 26, 2003.

Julia L. Kurtz, Thomas C. Wright, Wright Law Firm, Mac Gann, Gann & Edwards, Houston, John W. Newton, III, Orgain, Bell & Tucker, LLP, for relator.

Paul F. Ferguson Jr., James E. Payne, John A. Cowan, Provost Umphrey Law Firm, LLP, Beaumont, for real parties in interest.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DAVID B. GAULTNEY, Justice.

Mario Gonzales, Sr., a resident of Hardin County, sued Louisiana–Pacific Corporation in Jefferson County for injuries he says were caused by negligence. Louisiana–Pacific contends the negligence lawsuit pending in Jefferson County is barred by the Texas Workers' Compensation Act, because Gonzales was its borrowed employee at the time of the accident, thereby making recovery of workers' compensation benefits Gonzales's exclusive remedy. TEX. LAB.CODE ANN. § 408.001(a) (Vernon 1996). *See Guerrero v. Harmon Tank Co.,* 55 S.W.3d 19, 24–25 (Tex.App.-Amarillo 2001, pet. denied)(description of borrowed servant doctrine).

Louisiana–Pacific made the same assertion before the Texas Workers' Compensation Commission. The hearing officer determined that the Commission had jurisdiction to determine the identity of the employer, and also determined that Gonzales was not the borrowed employee of Louisiana–Pacific. The appeals panel affirmed, stating that the hearing officer's determination was not so against the great weight and preponderance of the evidence as to be clearly wrong or manifestly unjust. Pursuant to statute, Louisiana–Pacific appealed that ruling to the district court in Hardin County. *See* TEX. LAB.CODE ANN. §§ 410.251, 410.252(a), 410.301 (Vernon 1996).

Louisiana–Pacific unsuccessfully sought to abate Gonzales's negligence action below and now asks this Court to find the trial judge abused his discretion in denying the abatement motion. The issue presented in this mandamus proceeding is whether the negligence lawsuit can proceed to trial in Jefferson County before the appeal of the Commission's ruling in Hardin County is decided.

■ Subject to exceptions not applicable here, recovery of compensation benefits is intended to be an employee's exclusive remedy against the employer for work-related injuries. *See Burkett v. Welborn*, 42 S.W.3d 282, 288 (Tex.App.-Texarkana 2001, no pet.). A regular employee of one employer may become the employee of another under the borrowed employee doctrine. Under that doctrine, Louisiana–Pacific would not be liable to Gonzales for common law negligence, and Gonzales's exclusive remedy would be workers' compensation benefits. *See Esquivel v. Mapelli Meat Packing Co.*, 932 S.W.2d 612, 614 (Tex.App.-San Antonio 1996, writ denied).

■ The Workers' Compensation Act ("Act") gives the Workers' Compensation Commission sole power to award compensation benefits, subject to judicial review. *See American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 803 (Tex.2001). Judicial review is the concluding step of a four-tier system established by the Act for disposition of compensation issues by the Texas Workers' Compensation Commission. *See Subsequent Injury Fund v. Service Lloyds Ins. Co.*, 961 S.W.2d 673, 675 (Tex. App-Houston [1st Dist.] 1998, pet denied). The process begins with a benefit review conference conducted by a benefit review officer. Tex. Lab.Code Ann. §§ 410.021–410.034 (Vernon 1996). The parties may proceed to agreed arbitration, or a party may seek relief at a contested case hearing. *See* Tex. Lab.Code Ann. §§ 410.104; 410.151–410.169 (Vernon 1996 & Supp. 2003). The third tier involves a review of the hearing officer's decision by an administrative appeals panel. Tex. Lab.Code Ann. §§ 410.201–410.208 (Vernon 1996 & Supp.2003). The final step is the judicial review of the appeals panel decision. *See* Tex. Lab.Code Ann. §§ 410.251–410.308 (Vernon 1996 & Supp.2003).

■ The Commission's final decision is appealable to the courts under what is described as a modified *de novo* review. If the issue on appeal is compensability, the employee's county of residence is the proper venue for the appeal. *See Rodriguez v. Service Lloyds Ins. Co.*, 997 S.W.2d 248, 253 (Tex.1999). Course and scope of employment is a compensability issue. *See generally Texas Workers' Compensation Commission v. Garcia*, 893 S.W.2d 504, 515 (Tex.1995)("For all issues regarding compensability of the injury (for example, whether it occurred in the course and scope of employment) ... there is a right to trial by jury."). Whether Gonzales's injuries occurred in the course and scope of employment with Louisiana–Pacific is an issue regarding compensability properly appealed to Hardin County district court.

In *In re Luby's Cafeterias, Inc.*, 979 S.W.2d 813, 815–16, 818 (Tex.App.-Houston [14th Dist.] 1998, orig. proceeding), the appellate court ordered a negligence lawsuit abated because of the pendency of a compensation issue before the Texas Workers' Compensation Commission. The court wrote:

> Undoubtedly, subjecting the workers' compensation subscriber to a negligence trial and a potential judgment before the Commission decides whether the employee's injury is compensable will inject needless uncertainty and confusion into the issues surrounding both proceedings.

*Id.* at 817. The court also noted:

> [I]t would be pointless for the court and parties in the underlying suit to expend their resources on a trial until the Commission first decides the compensability issue.

*Id.* at 816.

■ Our case presents a different circumstance than that before the court in *In*

*re Luby's Cafeterias.* The Commission has already decided the compensation issue against Louisiana–Pacific and that decision is on appeal to the Hardin County district court. The claim is no longer pending before the Commission. Nevertheless, we conclude similar considerations require abatement of this negligence suit pending the decision by the Hardin County district court handling the appeal of the Commission's decision.

The modified *de novo* appeal process established in the Worker's Compensation Act is an integral part of the statutory system for resolving compensation claims before the Commission. Permitting the borrowed employee issue to be decided in this negligence suit, rather than in the presently-pending compensation appeal— the appeal provided by statute—would bypass the legislatively-crafted system set forth in the Texas Workers' Compensation Act for deciding compensation issues. Abatement of this negligence action until the compensation issue is resolved avoids needless uncertainty and confusion, avoids potentially conflicting results, and avoids unnecessary and duplicative expenditure of resources. Abatement here also preserves the exclusive power of the Commission to resolve compensation claims presented to it, subject only to the judicial review provided by the Act.

If Gonzales was the borrowed employee of Louisiana–Pacific at the time of the accident, this negligence action is barred by the exclusivity provision of the Act. Tex. Lab.Code Ann. § 408.001(a) (Vernon 1996). *See Esquivel,* 932 S.W.2d at 614. The Act requires that the correctness of the Commission's decision on an issue of compensability be determined by the district court in Hardin County, where Gonzales resided at the time of injury, rather than by the district court of Jefferson County. Tex. Lab.Code Ann. § 410.252(b)(1) (Vernon 1996). The trial court in Jefferson County abused its discretion in failing to abate this negligence case to permit determination of the issue in the Hardin County district court, as provided by the Act.

■ Gonzales contends that abatement was properly denied by the trial court because Louisiana–Pacific failed to act timely in two respects. First, he argues that Louisiana–Pacific did not act in a timely manner to assert its position before the Commission as Gonzales's employer for workers' compensation purposes. This matter was addressed in the written decision of the hearing examiner, who found that Louisiana—Pacific's assertion as Gonzales's employer was not untimely. Second, Gonzales says the motion to abate was not timely filed in this case. *See Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 248 (Tex.1988). Generally, a court may examine the equities of the situation in deciding whether a plea in abatement is timely filed. *See In re Luby's Cafeterias, Inc.,* 979 S.W.2d at 817; *Develo-cepts, Inc. v. City of Galveston,* 668 S.W.2d 790, 793 (Tex.App.-Houston [14th Dist.] 1984, no writ); *Bluebonnet Farms, Inc. v. Gibraltar Savings Ass'n,* 618 S.W.2d 81, 84 (Tex.Civ. App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.). Courts have considered not only the passage of time, but also the actions of the party moving for abatement during that time, and whether any delay in the filing of the motion for abatement was harmful or prejudicial to the opposing party. *See In re Luby's Cafeterias, Inc.,* 979 S.W.2d at 817–18; *Develo-cepts, Inc.,* 668 S.W.2d at 793; *Bluebonnet Farms,* 618 S.W.2d at 84; *Howell v. Mauzy,* 899 S.W.2d 690, 698 (Tex.App.-Austin 1994 no pet.). Gonzales does not contend, either in the trial court or in his response to the petition in this Court, that Louisiana Pacific has, for example, actively pursued the Jefferson County litigation, *see Howell v.*

*Mauzy,* 899 S.W.2d at 698, or that he has suffered any specific harm or prejudice to his case as a result of any delay in filing the motion. The burden of showing harm or prejudice should be particularly heavy when denial of a plea in abatement would defeat a statutory appeal process. In this case Gonzales has not shown harm resulted from any delay in filing the motion to abate.

A writ of mandamus will issue to correct a clear abuse of discretion when there is no adequate remedy at law. *See Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). Where the outcome of a presently-pending workers' compensation proceeding would preclude liability in the parallel litigation, there is no adequate remedy by appeal. *See In re Luby's Cafeterias, Inc.,* 979 S.W.2d at 815–16. *See also In re Travelers Indem. Co. of Rhode Island,* 109 S.W.3d 10 (Tex.App.-El Paso 2002, orig. proceeding).

We conditionally grant the petition for writ of mandamus. We are confident the trial court will abate the case; writ will issue only if the trial court below fails to comply with this decision.

WRIT CONDITIONALLY GRANTED.

DON BURGESS, Justice filed a dissenting opinion.

DON BURGESS, Justice, dissenting.

Although the majority adequately describes the facts, a brief recitation of the time line may be helpful:

12/19/99—the injury

12/20/99—employer's notice of injury filed by Truman Fabricating

08/08/00—employer's notice of injury filed by Louisiana Pacific

01/22/01—Gonzales' original petition filed in Jefferson County

02/06/01—Louisiana Pacific's request for a benefit review conference

04/10/01—Benefit Review Conference held

06/18/01—Motion for Abatement filed in Jefferson County case

06/01/01—Benefit Contested Hearing began

06/27/01—Decision of hearing officer

07/26/01—Order denying motion to abate

11/07/01—Decision of Appeals Panel

12/17/01—Louisiana Pacific's original petition filed in Hardin County

02/11/03—2nd Order denying motion to abate

The majority holds the trial court abused its discretion in denying abatement. The majority notes: "Whether Gonzales's injuries occurred in the course and scope of employment with Louisiana-Pacific is an issue regarding compensability properly appealed to Hardin County district court." The majority adds, "Permitting the borrowed employee issue to be decided in this negligence suit, rather than in the presently-pending compensation appeal—the appeal provided by statute—would by-pass the legislatively-crafted system set forth in the Texas Workers' Compensation Act for deciding compensation issues." The majority also justifies its holding by stating:

Abatement of this negligence action until the compensation issue is resolved avoids needless uncertainty and confusion, avoids potentially conflicting results, and avoids unnecessary and duplicative expenditure of resources. Abatement here also preserves the exclusive power of the Commission to resolve compensation claims presented to it, subject only to the judicial review provided by the Act.

The majority has apparently bought into the argument made by Louisiana Pacific that the "administrative agency has dominant jurisdiction over the central issue in this case." Louisiana Pacific argues the question of who is Gonzales's employer is a matter within the primary jurisdiction of the Texas Workers' Compensation Commission, citing *Saenz v. Fidelity & Guar. Ins. Underwriters*, 925 S.W.2d 607, 612 (Tex.1996) and *In re Luby's Cafeterias, Inc.*, 979 S.W.2d 813 (Tex.App.-Houston [14th Dist] 1998, orig. proceeding). The *Saenz* case does state that general proposition but is totally inapposite. It involved the amount of compensation between an employee and a carrier who was paying compensation. The majority acknowledges *Luby's* is a different circumstance than this case. Louisiana Pacific further asserts, "Accordingly, the trial court does not have jurisdiction to determine the administrative issue of Gonzales' employment status until it has been fully and finally determined by the Texas Workers' Compensation Commission and the statutory appeals provided for by the legislature" citing *Texas Workers' Compensation Com'n v. Garcia*, 893 S.W.2d 504, 515 (Tex.1995); *Luby's*, 979 S.W.2d at 816–17, and *Metro Temps, Inc. v. Texas Workers' Compensation Ins. Facility*, 949 S.W.2d 534, 536 (Tex.App.-Austin 1997, no writ). The *Garcia* case makes no such holding; it merely reaffirms the right to a statutory appeal and a jury trial. The *Luby's* case, as noted by the majority, involves abatement while the *commission* process is ongoing. *Metro Temps* involved the exhaustion of administrative remedies to the Insurance Commission over a premium dispute, clearly not on point to this litigation.

The majority cites numerous cases, most dealing with well-known legal generalities.[1] I have no quarrel with these cases nor their applicability to the issues at hand. I do quarrel with the majority's reliance on these cases to justify this specific holding because none do so.

It is trite to acknowledge the legislature enacted the Workers' Compensation laws to establish a scheme to compensate workers injured in the course and scope of their employment. Clearly, these statutes were not designed to provide a company the forum to assert the borrowed servant defense in a third-party negligence action. In this case, Truman Fabricating recognized Gonzales as its employee and began paying compensation. It took Louisiana Pacific nine months to file its assertion it was Gonzales' employer and Louisiana Pacific did not request a benefits review conference until *after* Gonzales had filed his negligence action. There was simply no reason, other than delay, for Louisiana Pacific to insert itself into the workers' compensation scheme. Neither the majority nor Louisiana Pacific cite a case where

1. In the order they are cited in the majority opinion: *Guerrero v. Harmon Tank Co.*, 55 S.W.3d 19, 24–25 (Tex.App.-Amarillo 2001, pet denied)(description of borrowed servant doctrine); *Burkett v. Welborn*, 42 S.W.3d 282, 287 (Tex.App.-Texarkana 2001, no pet.)(compensation benefits worker's exclusive remedy against employer for work-related injuries); *Esquivel v. Mapelli Meat Packing Co.*, 932 S.W.2d 612, 614 (Tex.App.-San Antonio 1996, writ denied)(compensation benefits borrowed worker's exclusive remedy against employer for work-related injuries); *American Motorists* *Ins. Co. v. Fodge*, 63 S.W.3d 801, 803 (Tex.2001)(Workers' Compensation Commission has sole power to award compensation benefits); *Subsequent Injury Fund, State of Texas v. Service Lloyds Ins. Co.*, 961 S.W.2d 673, 675 (Tex.App.-Houston [1st Dist.] 1998, pet. denied)(Judicial review is last step of four-tier legislative scheme for workers' compensation issues); *Rodriguez v. Service Lloyds Ins. Co.*, 997 S.W.2d 248, 253 (Tex.1999)(employee's residence proper venue for workers' compensation appeal).

the defense is waived by not presenting it first to the commission. An analogous case, *Mike Hooks, Inc. v. Pena*, 313 F.2d 696, 698–702 (5th Cir.1963) noted that an employer was not a real party in compensation proceedings before the Texas Industrial Accident Board, though the employer filed a letter application for determination that the employee was not a seaman and was covered by Texas Compensation Act, and therefore the Board's award based on findings that the employee was not a seaman, an issue not really contested by the employee and the insurance carrier, did not foreclose the employee's suit under the Jones Act on the grounds of res judicata or collateral estoppel.

The hearing officer looked at both the jurisdiction of the Commission to determine the borrowed servant issue and the standing of Louisiana Pacific to raise the issue.[2] The hearing officer noted the commission had

"... no intention, whatsoever, of interfering in any manner with the matter currently before the District Court. Since it appears likely that the issues before the Commission will be resolved and appealed to a district court, where they then can be consolidated with the current pending litigation, the Hearing Officer is not of the opinion that the parties to this Commission proceeding are harmed in any manner by any choice the district court might make regarding proceeding with the discovery phase of the case before it, since there appears no reason to believe that such case will be called to trial before such time as the matters currently before the Commission have been concluded."

Unfortunately the hearing officer was incorrect in his conclusion that the cases could be consolidated.

Moreover, the primary jurisdiction theory, *vis a vis*, the administrative agency was explained in *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 208 (Tex.2002):

... [I]n [*Subaru of Am. Inc. v.*] *David McDavid Nissan*, [84 S.W.3d 212 (Tex. 2002)] we explained that the primary jurisdiction doctrine requires trial courts to allow an administrative agency to initially decide an issue when: (1) an agency is typically staffed with experts trained in handling the complex problems in the agency's purview; and (2) great benefit is derived from an agency's uniformly interpreting its laws, rules, and regulations, whereas courts and juries may reach different results under similar fact situations. *David McDavid Nissan*, 84 S.W.3d at 221 (citations omitted). We noted that, when the primary jurisdiction doctrine requires a trial court to defer to an agency to make an initial determination, the court should abate the lawsuit and suspend finally adjudicating the claim until the agency has an opportunity to act on the matter. *David McDavid Nissan*, 84 S.W.3d at 221 (citations omitted).

As noted by our Supreme Court, the abatement is based upon the agency's primary jurisdiction. The majority seeks to expand this logic to the Hardin County Court litigation, The policy reasons noted in *Butnaru* and *David McDavid Nissan* simply do not apply. Here the issue is not abatement as between the Jefferson County District Court and the Texas Workers' Compensation Commission, as was the

---

**2.** The Hearing Officer may have been incorrect on the jurisdiction issue. *See Hooks*, 313 F.2d at 699–700. Furthermore, the issue was, in reality, which "carrier" was responsible for payment of Gonzales' benefits, which

is not really an issue of compensability. *See Houston General Ins. Co. v. Association Cas. Ins. Co.*, 977 S.W.2d 634, 636 (Tex.App.-Tyler 1998, no pet.)

facts of *Luby's;* the issue here is abatement as between the two District Courts. There is simply no reason to deviate from the general rule in Texas is that the court in which a suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 248 (Tex.1988); *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex. 1974).

The bottom line is Louisiana Pacific, for whatever reason, prefers Hardin County rather than Jefferson County as the venue to decide its assertion it is Gonzales' employer. There is no legal reason to afford Louisiana Pacific that option. The trial judge, in my opinion, did not abuse his discretion in denying the motion to abate. I would deny the petition for mandamus.