COURT OF APPEALS












COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

CARLOS CERVANTES,                                     )

                                                                              )           
No.  08-02-00455-CV

Appellant,                          )

                                                                              )                 Appeal from the

v.                                                                           )

                                                                              )              
171st District Court

TYSON FOODS, INC., A
CERTIFIED               )

SELF-INSURED,                                                 )          
of El Paso County, Texas

                                                                              )

Appellee.                           )                
(TC# 2002-1269)

                                                                              )

                                                                              

 

O
P I N I O N

 

Appellant Carlos
Cervantes appeals the trial court=s
order granting the plea to the jurisdiction filed by Appellee
Tyson Foods, Inc. (ATyson@) and the dismissing of his cause with
prejudice.  On appeal, Mr. Cervantes
brings seven issues, all of which challenge the trial court=s ruling on the plea to the
jurisdiction.  We reverse the trial court=s order and remand for further
proceedings.

PROCEDURAL
AND FACTUAL BACKGROUND








Mr. Cervantes was
hired by Tyson on April 9, 2001.  Mr.
Cervantes sustained a compensable injury to his right hand on April 16,
2001.  On December 6, 2001, a benefit
contested case hearing was held to determine whether Mr. Cervantes suffered a
disability as a result of his injury.  On
December 17, 2001, Mr. Cervantes received the hearing officer=s decision which found that Mr.
Cervantes did not have a disability.  Mr.
Cervantes filed his appeal of the contested case hearing decision on January
14, 2002.

On February 22,
2002, the TWCC Appeals Panel No. 492 issued a decision in which it stated Mr.
Cervantes did not file his appeal timely. 
Specifically, the Appeals Panel found that A[t]he
appeal being untimely, the jurisdiction of the Appeals Panel was not properly
invoked and the decision and order of the hearing officer have become final
under Section 410.169@
of the Texas Labor Code.  On March 29,
2002, Mr. Cervantes filed an original petition with the district court for
judicial review of the TWCC Appeals Panel=s
decision to dismiss his appeal.  In his
petition, Mr. Cervantes alleged that he had exhausted his administrative
remedies under the Texas Workers=
Compensation Act and was aggrieved by the Appeals Panel decision which declined
to assert jurisdiction over his appeal. 
Mr. Cervantes sought to show that the Appeals Panel had erred in its
determination because he had made diligent efforts to file his appeal before
the deadline, but was prevented from doing so by TWCC staff negligence.

Tyson filed a plea
to the jurisdiction on May 6, 2002 arguing that under Texas Labor Code Section
410.169, the benefit contested case hearing decision became final and binding
when it was not timely appealed.  After a
hearing on July 23, 2002, the trial court granted Tyson=s
plea to the jurisdiction without stating the basis for its ruling.  Mr. Cervantes=
motion for new hearing was overruled by operation of law.  Mr. Cervantes now brings this appeal.

DISCUSSION

Plea
to the Jurisdiction

Through seven
issues, Mr. Cervantes challenges the trial court=s
granting of Tyson=s plea to
the jurisdiction and dismissal of his cause with prejudice.








Standard
and Scope of Review

A plea to the
jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of
action without regard to whether the claims asserted have merit.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000).  Through the plea, a party
challenges the trial court=s
authority to determine the subject matter of the pleaded cause of action.  City of Midland v. Sullivan, 33 S.W.3d
1, 6 (Tex.App.--El Paso 2000, pet. dism=d
w.o.j.).  The
plaintiff has the burden to allege facts affirmatively showing the trial court
has subject-matter jurisdiction to hear the cause.  Texas
Ass=n of
Business v. Texas
Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993); Sullivan, 33 S.W.3d at 6. 
Whether the trial court properly granted the plea to the jurisdiction is
a pure question of law which we examine under a de novo standard of
review.  Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998); Sullivan,
33 S.W.3d at 6.








The purpose of the
plea is not to force a plaintiff to preview his case on the merits, but rather
to establish a reason why the merits of the plaintiff=s
claims should never be reached.  Blue,
34 S.W.3d at 554.  The plaintiff=s jurisdictional pleadings are to be
construed liberally in the plaintiff=s
favor and look to the pleader=s
intent.  See Texas
Ass=n of
Business, 852 S.W.2d at 446.  A court
deciding a plea to the jurisdiction, however, is not required to look solely to
the pleadings, but may consider evidence and must do so when necessary to
resolve the jurisdictional issues raised. 
Blue, 34 S.W.3d at 555; see County of Cameron v. Brown, 80
S.W.3d 549, 555 (Tex. 2002).  The court
should confine itself to the evidence relevant to the jurisdictional
issue.  Blue, 34 S.W.3d at
555.  When a plaintiff fails to plead
facts that establish jurisdiction, but the petition does not affirmatively
demonstrate incurable defects in jurisdiction, the plaintiff should be afforded
the opportunity to amend.  Brown,
80 S.W.3d at 555.  However, if the
pleadings affirmatively negate the existence of jurisdiction, then the plea to
the jurisdiction may be granted without allowing the plaintiff an opportunity
to amend.  Brown, 80 S.W.3d at
555.  If the court does not have
jurisdiction over the subject matter of the suit, it must dismiss the case
without prejudice.  See Bell v. State
Dept. of Highways & Public Transp., 945
S.W.2d 292, 295 (Tex.App--Houston [1st Dist.] 1997,
writ denied). 

Subject-Matter
Jurisdiction

In his first
issue, Mr. Cervantes contends the trial court improperly decided the plea to the
jurisdiction on the merits of his claims, rather than on the issue of
subject-matter jurisdiction in the district court.  In this case, Mr. Cervantes asserts the
merits of his claim involve the jurisdiction of the Appeals Panel to consider
his administrative appeal.  He argues
that since he timely filed his appeal to the district court and his pleadings
comply with the statutory requirements for judicial review of a final decision
of the TWCC Appeals Panel as set out in Texas Labor Code Sections 410.251 and
410.252, the district court had no need to look any further than his pleadings
to rule on the issue of jurisdiction. 
Therefore, the only issue in the plea to the jurisdiction is whether Mr.
Cervantes properly invoked the jurisdiction of the trial court.

In response, Tyson
argued in its plea to the jurisdiction and now on appeal that the district
court did not have subject-matter jurisdiction because under Texas Labor Code
Section 410.169, the decision of the benefit contested case hearing officer
becomes final and binding if not timely appealed.  Since Mr. Cervantes received the hearing
officer=s
decision on December 17, 2001 and did not file an appeal with the Appeals Panel
until January 14 or 15, 2002, under Texas Labor Code Section 410.202 his appeal
was not timely.  Tyson contends the
district court therefore, did not acquire subject-matter jurisdiction and the
matter was properly dismissed.








We turn first to
Mr. Cervantes=
contention that the issue of the district court=s
jurisdiction is determined solely by reviewing the pleadings for compliance
with Texas Labor Code Sections 410.251 and 410.252.  Section 410.251 provides that a party that
has exhausted its administrative remedies under this subtitle and that is
aggrieved by a final decision of the appeals panel may seek judicial
review.  See Tex.Lab.Code Ann. ' 410.251 (Vernon 1996).  Under Section 410.252, a party may seek
judicial review by filing suit not later than the fortieth day after the date
on which the decision of the appeals panel was filed with the division.[1]  See Tex.Lab.Code
Ann. '
410.252(a)(Vernon Supp. 2004).  In a recent opinion, the Corpus Christi court
of appeals determined that compliance with the filing requirements under
Section 410.252(a) is mandatory and jurisdictional.  LeBlanc v. Everest Nat=l Ins. Co., 98 S.W.3d 786, 787-88 (Tex.App.--Corpus Christi 2003, no pet.); but see Texas
Dept. of Transp. v. Beckner,
74 S.W.3d 98, 103 (Tex.App.--Waco 2002, no pet.)(the
forty-day filing period is a limitations period, not a jurisdictional
requirement).  Failure to comply with the
statutory requirements, therefore would deprive the trial court of jurisdiction
to review the Appeals Panel decision. 
Here, the parties do not dispute that Mr. Cervantes complied with the
jurisdictional statutory requirements necessary to invoke the district court=s jurisdiction under Section
410.252.  Taking the steps necessary to
invoke the trial court=s
jurisdiction, however, does not necessarily end the court=s inquiry into whether it has authority
to determine the subject matter of the cause of action.








Subject-matter
jurisdiction exists when the nature of the case falls within the general
category of cases the court is empowered, under applicable statutory and
constitutional provisions, to adjudicate. 
McGuire v. McGuire, 18 S.W.3d 801, 804 (Tex.App.--El
Paso 2000, no pet.), citing, Bullock v. Briggs, 623 S.W.2d 508,
511 (Tex.App.--Austin 1981, writ ref=d n.r.e.), cert.
denied, 457 U.S. 1135, 102 S.Ct. 2962, 73 L.Ed.2d
1352 (1982); see also Sierra Club v. Texas Natural Resource Conservation Com=n, 26 S.W.3d 684, 687 (Tex.App.--Austin 2000), aff=d on other grounds, 70 S.W.3d 809
(Tex. 2002)(traditionally, subject-matter jurisdiction consists of a power,
conferred by constitutional or statutory provision, to decide the kind of cause
alleged in the plaintiff=s
petition and to award an authorized form of relief).

Pertinent to Tyson=s plea to the jurisdiction, Mr.
Cervantes alleged in his petition that he received the decision of the benefit
contested hearing officer on December 17, 2001. 
Mr. Cervantes also alleged he filed his appeal on January 14,
2002.  By its plea, Tyson sought to
establish a reason why the merits of Mr. Cervantes=
claims should never be reached.  See
Blue, 34 S.W.3d at 554.  In deciding
a plea to the jurisdiction, a court must consider evidence relevant to the
jurisdictional issue when necessary to resolve the jurisdictional issues
raised.  See id. at 555.  Sections 410.202(a) and (d) of the Texas
Labor Code provide:

(a)        To appeal the decision of a hearing
officer, a party shall file a written request for appeal with the appeals panel
not later than the 15th day after the date on which the decision of the hearing
officer is received from the division and shall on the same date serve a copy
of the request for appeal on the other party.

.               .               .

 

(d)        Saturdays and Sundays and holidays
listed in Section 662.003, Government Code, are not included in the computation
of the time in which a request for an appeal under Subsection (a) or a response
under Subsection (b) must be filed.

 

Tex.Lab.Code
Ann. '
410.202(a) and (d).








Under Texas Labor Code Section
410.169, the hearing officer=s
decision is final in the absence of a timely appeal.  See Tex.Lab.Code
Ann. ' 410.169.

In determining
whether it had jurisdiction, that is, the authority to determine the subject
matter of Mr. Cervantes=
cause, the trial court clearly reviewed the statutory provisions above to
determine whether the hearing officer=s
decision was final and binding in this case, thereby precluding its
jurisdiction over the matter.  Since Mr.
Cervantes received the hearing officer=s
decision on December 17, 2001, he had fifteen days excluding Saturdays,
Sundays, and holidays to file his appeal, that is, until January 9, 2002.  Mr. Cervantes did not timely file his appeal
to the TWCC Appeals Panel.  Upon
receiving Mr. Cervantes=
attempted appeal and apparently without any evidence as to the alleged TWCC
office errors, the Appeals Panel determined that its jurisdiction was not
properly invoked and under the statute the decision of the hearing officer was
final.  In a case of first impression,
the question raised by the instant appeal, in effect, is whether a district
court can consider the same statutory provisions and evidence of late filing
that were considered by the Appeals Panel in making its jurisdictional
determination, to determine whether it also lacks jurisdiction, regardless of
the petitioner=s
compliance with the statutory requirements for obtaining judicial review of an
appeals panel=s final
decision.[2]








Under the Workers= Compensation Act statutory scheme, the
Texas Workers=
Compensation Commission has sole power to award compensation benefits, subject to
judicial review.[3]  In re Louisiana‑Pacific Corp.,
112 S.W.3d 185, 188 (Tex.App.‑-Beaumont 2003,
no pet. h.).  There is no inherent right
to judicial review of administrative agency decisions.  Gen. Serv. Comm=n
v. Little‑Tex Insulation Co., Inc., 39 S.W.3d 591, 599 (Tex.
2001).  The right of judicial review
exists only when (1) a statute creates it, (2) the order adversely affects a
vested property right, or (3) the order otherwise violates some constitutional
right.  Id.  Judicial review is the concluding step of the
Act=s four‑tier system for
disposition of compensation issues.  In
re Louisiana-Pacific Corp., 112 S.W.3d at 188; see Tex.Lab.Code Ann. '' 410.021‑410.034 (benefit
review conference); Tex.Lab.Code Ann.
'' 410.104; 410.151‑410.169
(arbitration or contested case hearing); Tex.Lab.Code
Ann. ''
410.201‑410.208 (appeals panel review); Tex.Lab.Code
Ann. ''
410.251‑410.308 (judicial review). 
Each step is a prerequisite to the succeeding one.  See Tex.Lab.Code
Ann. ''
410.024, 410.169, 410.205; see also Ankrom
v. Dallas Cowboys Football Club, Ltd., 900 S.W.2d 75, 78 (Tex.App.‑-Dallas 1995, writ denied) (Act provisions
regarding successive steps in the progress and maturity of a claim are
mandatory.).








Through the
tiered-system, the Legislature created a right to judicial review of Appeals
Panel decisions under which Texas Labor Code Section 410.251 determines a party=s ability to invoke the trial court=s jurisdiction.  See Tex.Lab.Code
Ann. ''
410.251, 410.301, 410.255.  A plain
reading of the statute indicates only two jurisdictional requirements:  a party (1) must exhaust its administrative
remedies; and (2) be aggrieved by a final decision of the appeals panel.  See Tex.Lab.Code
Ann. '
410.251.  In this case, Mr. Cervantes
complied with statutory jurisdictional requirements to proceed to the
concluding step of the Workers=
Compensation disposition process.  See
St. Paul Fire and Marine Insurance Co.,
990 S.W.2d 362, 366 (Tex.App--Fort Worth 1999, no
pet.)(indicating that exhaustion of administrative remedies and following
certain steps applicable under Section 410.252 are jurisdictional).  By deciding its jurisdiction to consider Mr.
Cervantes= appeal
based on the statutory provisions governing the Appeals Panel=s jurisdictional determination, rather
than the jurisdictional requirements imposed by Section 410.251, the district
court prematurely reached the merits of Mr. Cervantes=
claims.[4]  Under these circumstances, the district court
erred in granting Tyson=s
plea to the jurisdiction on the grounds asserted.  Issue One is sustained.  Finding Issue One dispositive,
we do not reach the remaining issues raised on appeal.

For the reasons
stated above, we reverse the trial court=s
order and remand for further proceedings.

 

November 26, 2003

DAVID WELLINGTON CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.











[1]
In its plea, Tyson did not challenge Mr. Cervantes=
compliance with statutory provisions governing the applicable filing period for
judicial review in this case.





[2]
On appeal, Tyson disputes Mr. Cervantes=
allegation that the Appeals Panel issued a Afinal
decision@ in
dismissing the appeal for lack of jurisdiction. 
In reviewing the issue of whether an order finding lack of jurisdiction by
the Industrial Accident Board was a final appealable
order under the former Workmen=s
Compensation Act, the Texas Supreme Court held that such an order was final and
appealable when it is not based on the Board=s refusal to proceed nor a case in
which it reserved something for future decision.  See Employers Reinsurance Corp. v. Holt,
410 S.W.2d 633, 636 (Tex.
1967).  Though decided under the former
law, the Court=s
reasoning still holds that a final disposition of a claimant=s case is a final decision for appeal
purposes.





[3]
Under Texas Labor Code Section 410.301, judicial review of a final decision of
the commission appeals panel regarding compensability or eligibility for or the
amount of income or death benefits shall be conducted as provided by this subchapter.  See Tex.Lab.Code
Ann. ' 410.301.  Under Section 410.255, all other issues are
governed by Subchapter G, Chapter 2001, of the Texas Government Code.  See Tex.Lab.Code
Ann. ' 410.255;
see also Tex.Lab.Code Ann.' 410.252(a); Tex.Gov=t Code Ann. '
2001.176(a) and (b)(Vernon 2000).





[4]
We observe that Chapter 410 of the Texas Workers=
Compensation Act does not expressly provide for a rehearing of a decision by
the TWCC Appeals Panel.  Rather, the
Appeals Panel is only given the statutory power to revise a decision for
clerical error.  See Tex.Lab.Code Ann. ' 410.206.  If, as Mr. Cervantes claims, the Appeals
Panel erred in dismissing his appeal for untimeliness,
the Legislature has not expressly granted the Appeals Panel the power to change
or revoke its decision through a rehearing process.  See Gatlin v. Hartford Ins. Co. of Texas,
94 S.W.3d 311, 314 (Tex.App.--Texarkana 2002, no
pet.)(discussing legislative history of Appeals Panel statutory authority).