**Petition for Writ of Mandamus Conditionally Granted and Opinion filed April 25, 2024.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

---

## NO. 14-23-00605-CV

---

### IN RE ALL REPAIR AND RESTORATION D/B/A ALL DAY USA, INC., JOE SAAVEDRA, AND NATIONAL CASUALTY COMPANY, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**61st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-62055**

---

## MEMORANDUM OPINION

On Tuesday, August 22, 2023, relators All Repair and Restoration d/b/a All Day USA, Inc., Joe Saavedra, and National Casualty Company filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex.

R. App. P. 52. In the petition, relators ask this court to compel the Honorable Fredericka Phillips, presiding judge of the 61st District Court of Harris County, to (1) withdraw her order granting consolidation and (2) enter an order abating trial court cause number 2021-62055 until the judicial review suit filed in the 164th District Court, trial court cause number 2023-10851, is resolved. Because the trial court abused its discretion, we conditionally grant the petition.

## Background

In September 2021, Romny Sanchez, joined his uncle, Leonel Yanez, on a job providing remediation services to victims of Hurricane Ida in Louisiana. Yanez was employed by relator All Repair and Restoration, LLC d/b/a All Dry USA, Inc. (All Dry). While on the job, both men were injured in a vehicle accident. The driver of the vehicle was relator Joe Saavedra, an All Dry employee.

On September 24, 2021, Sanchez and Yanez sued Saavedra and All Dry in the 61st District Court, docketed under trial court cause number 2021-62055, asserting claims for negligence and vicarious liability. The petition was subsequently amended, asserting claims for violations of the Fair Labor Standards Act, the Texas Payday Act, fraud, civil conspiracy, gross negligence and intentional infliction of emotional distress. Specifically, the claims relate to All Dry's hiring and paying in cash without an enforceable employment agreement; failure to compensate for overtime work; failure to train; failure to educate and enforce company policy; breach of state and federal laws concerning proper rest before driving; and failure to ensure employees were well rested enough to complete tasks safely.

2

All Dry answered, asserting that the claims were barred under the exclusive remedy provision of the Texas Workers' Compensation Act. *See* Tex. Lab. Code Ann. § 408.001(a). Yanez and Sanchez disputed their status as All Dry's employees, triggering administrative proceedings before the Texas Department of Insurance, Division of Worker's Compensation (DWC). The DWC held separate contested case hearings for both Yanez and Sanchez. The administrative law judge determined that Yanez was All Dry's employee and entitled to workers' compensation benefits. Neither party disputed this determination and Yanez nonsuited his claim. Yanez is no longer a party to the underlying proceedings. The administrative law judge presiding over Sanchez's case determined that Sanchez was not All Dry's employee and therefore not entitled to workers' compensation benefits. All Dry appealed the decision regarding Sanchez. The DWC appeals panel affirmed the determination that Sanchez was not All Dry's employee.

In February 2023, All Dry timely petitioned for judicial review of the DWC decision as to Sanchez, which was docketed in the 164th District Court under cause number 2023-10851. On May 19, 2023, All Dry moved to abate the personal injury suit pending in the 61st District Court pending the resolution of the judicial review suit in the 164th District Court. Days later, Sanchez filed a motion to consolidate the judicial review suit with the earlier-filed personal injury suit. The motion sought both transfer of the judicial review suit to the 61st Court and consolidation of the suits. The record reflects that the motion to consolidate was filed in the 61st District Court. After a hearing, the 61st District Court granted Sanchez's motion to consolidate. The order specifically stated that it was

3

transferring and consolidating cause number 2023-10851 (the judicial review suit) from the 164th District Court to the 61st District Court with cause number 2021-62055 (the personal injury suit). On the same day the trial court signed the order transferring and consolidating the cases, she signed an order denying realtors All Dry's and Saavedra's motion to stay and abate.

Realtors filed this petition for writ of mandamus in our court arguing that the trial court abused its discretion in ordering transfer and consolidation and in denying abatement.

## Mandamus Standard of Review

Mandamus is an extraordinary remedy, available only when the relator can show both that (1) the trial court clearly abused its discretion; and (2) there is no adequate remedy by way of appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A clear abuse of discretion occurs when a trial court "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839. A trial court has no discretion in determining what the law is or in applying the law to the particular facts. *Id.* at 840. A clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.*

In determining whether an appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am. Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding); *Ford Motor Co.*, 165 S.W.3d at 317. A party establishes that no adequate appellate

4

remedy exists by showing it is in real danger of losing its substantial rights. *Perry v. Del Rio*, 66 S.W.3d 239, 257 (Tex. 2001) (orig. proceeding); *Walker*, 827 S.W.2d at 842.

## Transfer and Consolidation

### A. Abuse of Discretion

Realtors argue the trial court erred in both unilaterally transferring the case from the 164th District Court and in consolidating cases that do not relate to the substantially same transaction, occurrence, subject matter, or question.

Texas Rule of Civil Procedure 174(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court," a court "may order all actions consolidated." Tex. R. Civ. P. 174(a). Consolidation "involves merging separate suits into a single proceeding under one docket number." *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 432 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Under the Harris County district court local rules, a motion to consolidate cases is "heard in the court where the first filed case is pending" and, if the motion is granted, "the consolidated case will be given the number of the first filed case and assigned to that court." Harris (Tex.) Civ. Dist. Loc. R. 3.2.3.

A trial court has broad but not unlimited discretion to consolidate cases with common issues of law or fact. *See In re Gulf Coast Bus. Dev. Corp.*, 247 S.W.3d 787, 794 (Tex. App.—Dallas 2008, orig. proceeding). A trial court may consolidate actions that related to substantially the same transaction, occurrence, subject matter, or question. *Id*. "The actions should be so related that the evidence presented will be material, relevant, and admissible in each case." *Id*. A trial court

may abuse its discretion by "incorrectly resolving the relatedness issue or by consolidating cases when the consolidation results in prejudice to the complaining party." *Id*. "The central and primary requirement for consolidation of actions as directed by rule 174(a) is that there must exist common issues of law or fact in both cases." *Id*. at 795. In deciding whether to consolidate, the trial court must balance the judicial economy and convenience that may be gained by the consolidation against the risk of an unfair outcome because of prejudice or jury confusion. *Id*. at 794.

Relators argue that because the judicial review suit is not an entirely new suit, but instead is appellate in character and the final step within a four-step scheme, it cannot be appropriately consolidated with the personal injury suit. In their reply, relators argue that the aims of the two suits are mutually exclusive. Relators explain that relator National Casualty, All Dry's worker's compensation carrier, is an essential party to the judicial review suit for which the purpose is the determination of the liability of an insurance carrier for workers' compensation benefits. By contrast, National Casualty has no justiciable interest in the personal injury suit, which by its very nature assumes Sanchez's ineligibility for worker's compensation benefits. We agree with relators. If Sanchez is determined to be an employee in the judicial review case, many of his claims will be barred in the personal injury suit. *See In re Tyler Asphalt & Gravel Co., Inc.*, 107 S.W.3d 832, 843 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) ("The viability of the negligence claims in the underlying suit depends on the [judicial review] court's determination on the course and scope issue due to [relator's] exclusive remedy defense."); *see also* Tex. Lab. Code Ann. § 408.001 ("Recovery of

workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage. . . for. . .a work-related injury sustained by the employee.").

Sanchez responds that both cases arise from the same occurrence: the motor vehicle accident. While both lawsuits stem from this unfortunate event, the issues of law and fact presented in the cases greatly differ. The judicial review suit is appellate in character and limited to the question of whether Sanchez was All Dry's employee for the purposes of the Texas Workers' Compensation Act. *See Marts ex rel. Marts v. Transp. Ins. Co.*, 111 S.W.3d 699, 706 (Tex. App.—Fort Worth 2003, pet. denied) ("The only issues in a case appealed to a trial court for judicial review under labor code section 410.301 are issues addressed by the Appeal Panel in the underlying proceedings"). The personal injury suit concerns wide-ranging questions of negligence, violations of the Fair Labor Standards Act and Texas Payday Law, fraud, civil conspiracy, gross negligence, intentional infliction of emotions distress and damages. A vast portion of the evidence to be expected in the personal injury suit is likely to be inadmissible in the judicial review suit due to the limited nature of the proceeding. *See Barrigan v. MHMR Servs. for Concho Valley*, 2007 WL 27732 at *8 (Tex. App.—Austin 2007, no pet.) ("Texas courts have consistently held that issues not raised before an appeal panel may not be reviewed at trial in district court."). Accordingly, we hold that the trial court incorrectly resolved the relatedness issue and abused its discretion in transferring the judicial review suit to the 61st District Court and in consolidating the two cases.

**B. Adequate Remedy by Appeal**

A party establishes that no adequate appellate remedy exists by showing it is in real danger of losing its substantial rights. *Perry*, 66 S.W.3d at 257. When cases are consolidated and presented to a jury there exists potential for confusion of the issues and weight of the evidence—especially, as is this case, where the weight afforded to the evidence differs between claims. This confusion poses a substantial risk to a meaningful appellate review on the propriety of consolidation. *See Dal-Briar Corp. v. Baskette*, 833 S.W.2d 612, 617 (Tex. App.—El Paso 1992, orig. proceeding); *see also Gulf Cost*, 247 S.W.3d at 797 (holding that if the lawsuits at issue were to be tried together to a jury, "there exists a likelihood that an appellate court could not untangle how or whether prejudice and confusion infected the jury's deliberations"). Accordingly, there is a risk of losing a substantial right to a meaningful appellate review for which mandamus may issue.

## Abatement

### A. Abuse of Discretion

Relators further argue that the trial court abused its discretion in denying its motion to abate the personal injury suit until the final disposition of the judicial review suit. This court has held that abatement is required where there are parallel compensability proceedings and negligence suits. *See Tyler*, 107 S.W.3d at 843. (holding that abatement of Harris County negligence suit was required until the compensability issue was determined by Smith County's judicial review suit); *In re Luby's Cafeterias, Inc.*, 979 S.W.2d 813, 816-17 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding) (holding that abatement of negligence suit was required until compensability issue was determined by Commission). In *Luby's*, we stated "it would be pointless for the court and the parties in the underlying suit to expend

their resources on a trial until the Commission first decides the compensability issue." *Luby's*, 979 S.W.3d 813, 816. The same reasoning applies here.

The real party in interest, Sanchez, argues that *Luby's* and *Tyler* are inapposite to the situation at hand. Specifically, Sanchez argues that *Tyler* is distinguishable because it concerned a situation where the judicial review suit was in Smith County, the county with exclusive jurisdiction under the Labor Code, and the negligence suit was in Harris County. We do not find this distinction meaningful. In determining abatement was required, we stated, "the viability of the negligence claims in the underlying suit depends on the Smith County court's determination on the course and scope issue due to Tyler's exclusive remedy defense." *Tyler*, 107 S.W.3d at 843. The same concern is present here: a portion Sanchez's claims in the negligence suit could be barred after a determination in the judicial review suit.

Additionally, Sanchez argues that *Luby's* is inapposite because it pertained to a situation where the trial court was required to abate a personal injury case because the worker's compensation commission had not yet issued a final decision. Despite difference in the statutory stages of the cases, the same concerns are present. The compensability decision may be dispositive of the negligence claims. *See also In re Louisiana-Pacific Corp.*, 112 S.W.3d 185, 189 (Tex. App.—Beaumont 2003, orig. proceeding) (stating "Abatement of this negligence action until the compensation issue is resolved avoids needless uncertainty and confusion, avoids potentially conflicting results, and avoids unnecessary and duplicative expenditure of resources.").

9

We hold the trial court abused its discretion in denying relator's motion for abatement.

**B. Adequate Remedy by Appeal**

Where, as in this case, the outcome of a presently-pending workers' compensation proceeding would preclude liability in the parallel litigation, there is no adequate remedy by appeal. *Id*. at 190 (citing *Luby's*, 979 S.W.2d at 815-16; *In re Travelers Indem. Co. of Rhode Island*, 109 S.W.3d 10, (Tex. App.—El Paso 2002, orig. proceeding).

**Conclusion**

We hold the trial court abused its discretion in (1) transferring and consolidating the judicial review suit to the 61st District Court with the personal injury suit and (2) denying relators' motion to abate the personal injury suit in the 61st District Court. We direct the trial court to: (1) vacate her order transferring and consolidating trial court cause number 2023-10851 with trial court cause number 2021-62055 and (2) vacate her order denying relator's motion to abate and issue an order abating trial court cause number 2021-62055 until the judicial review suit filed in the 164th District Court, trial court cause number 2023-10851, is resolved. We further order the stay granted by this court on January 8, 2024 lifted.

Our writ will issue only if the respondent fails to comply with this opinion.


PER CURIAM


Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.