**In re GULF COAST BUSINESS DEVELOPMENT CORPORATION, Individually and Derivatively on Behalf of Patients' Comprehensive Cancer Center, L.P., Relator.**

No. 05–07–01742–CV.

Court of Appeals of Texas, Dallas.

March 17, 2008.

Ralph C. Perry–Miller, Looper Reed & McGraw, P.C., Dallas, for Relator.

Stephen F. Malouf, David W. Evans, The Law Offices of Stephen F. Malouf, P.C., Dallas, for Real Parties in Interest.

Before Justices WRIGHT, O'NEILL, and LANG.

## OPINION

Opinion by Justice LANG.

This mandamus action arises from an order in the trial court consolidating two cases filed in that court. Relator Gulf Coast Business Development Corporation, individually and derivatively on behalf of Patients' Comprehensive Cancer Center, L.P., asserts the trial judge abused his discretion in consolidating the cases because (1) the two cases do not share common questions of law and fact; and (2) consolidation of the cases for trial will be confusing to the jury and will result in prejudice. Relator argues it has no adequate remedy by appeal because once the cases are tried together to a jury, there is no way to discern how or whether prejudice and confusion affected the jury's deliberations. Real parties in interest[1] con-

1. Relator lists the real parties in interest to include Texas Hematology/Oncology Center, P.A.; Dr. Dennis H. Birenbaum ex rel Patients' Comprehensive Cancer Center, GP, L.L.C. ex rel Patients' Comprehensive Cancer Center, L.P.; and Dr. Mark D'Andrea. Additional real parties in interest which relator indicates are "not yet served" include Patients' Comprehensive Diagnostic & Radiation Center, Inc. and Kirk Kennedy. However, the brief filed in response to relator's amended petition for writ of mandamus sets out the real parties in interest as Dr. Dennis Birenbaum (derivatively on behalf of involuntary Plaintiff Patients' Comprehensive Cancer Center, L.P. and derivatively on behalf of involun-

tend the requirements for consolidation were met and consolidation is appropriate to avoid unnecessary costs and prevent delay. We conclude the trial judge abused his discretion in consolidating the cases for all purposes and relators have no adequate remedy by appeal. The writ of mandamus is CONDITIONALLY GRANTED.

## I. FACTS AND PROCEDURAL BACKGROUND

On June 1, 2007, two separate lawsuits were filed in the trial court. The first lawsuit, *Texas Hematology/Oncology Center, P.A.("THOC, P.A.") v. Patients' Comprehensive Cancer Center, L.P. ("Patients' CCC, L.P.")* arises out of a rent dispute under a written lease between the named parties which was executed in August 2001. This suit is sometimes referred to by the parties as the lease lawsuit. In the lease lawsuit, THOC, P.A. argues there was a "mutual mistake" in the amount of square footage allocated to THOC, P.A. in the lease and seeks an order of rescission voiding the lease and ordering the parties to renegotiate the lease. THOC, P.A. contends it discovered the mistake that it actually was allocated less square footage than agreed in the lease, in September 2006. Further, THOC, P.A. says it retained rent payments equal to the amount it claims to have overpaid during the entire lease period prior to the discovery of the alleged square footage discrepancy. Patients' CCC, L.P. seeks to recover this "delinquent rent" through its counterclaim, asserting THOC, P.A. has been in arrears on rent since September 2006.

The second lawsuit, *Patients' Comprehensive Cancer Center GP, L.L.C. ("Patients' CCC GP, LLC") v. Gulf Coast Business Development Corporation ("Gulf Coast")*, is referred to by the parties as the usury lawsuit or usury/fraud case. Patients' CCC GP, LLC asserts Gulf Coast made an agreement with Patients' CCC, L.P. to restate and amend the partnership's financial statements to reflect a capital contribution made by Gulf Coast as an interest-bearing partnership loan. This transaction is alleged to be usurious and the execution of a document in connection with the transaction is alleged to have been obtained through fraud. The facts giving rise to this lawsuit are alleged to have occurred in May 2006.

The relationships between the individuals and entities involved in these two lawsuits are complex. Although not directly parties to either of the two lawsuits, Dr. Dennis Birenbaum and Dr. Mark D'Andrea are involved as partners or investors in the entities before the Court. Dr. Dennis Birenbaum's medical practice is THOC, P.A. Dr. Mark D'Andrea's medical practice is Patients' Comprehensive Diagnostic & Radiation Center, Inc. ("Patients' CD & R, Inc."). Both of these medical practices, THOC, P.A. and Patients' CD & R, Inc., are tenants in the same building. That building is owned by a limited partnership entity, Patients' CCC, L.P., whose partners consist of Dr. Birenbaum as an individual and other entities in which Drs. Birenbaum and D'Andrea are members or shareholders. As owner of the building, Patients' CCC, L.P. leased portions of the building to THOC, P.A. and Patients' CD & R, Inc. and is their landlord. The lease

tary Plaintiff Patients' Comprehensive Cancer Center, GP, LLC, as general partner of Patients' Comprehensive Cancer Center, L.P.) and Texas Hematology/Oncology Center, P.A. The response brief lists Dr. Mark D'Andrea, Patients' Comprehensive Diagnostic & Radiation Center, Inc. and Kirk Kennedy as "Relator's Related Real Parties in Interest." In this opinion, when we refer to the real parties in interest, we refer to those parties identified in the Response to the Petition for Writ of Mandamus.

between Patients' CCC, L.P. and THOC, P.A. is the subject of the lease lawsuit.

Patients' CCC, L.P., consists of one general partner and two limited partners. The general partner, Patients' CCC GP, LLC has a 1% interest in Patients' CCC, L.P. The limited partners of Patients' CCC, L.P. are Dr. Dennis Birenbaum, individually, and Gulf Coast, who each hold a 49.5% interest in Patients' CCC, L.P. Gulf Coast is a closely held corporation. Dr. Mark D'Andrea is one of the two shareholders of Gulf Coast and serves as its President. Patients' CCC GP, LLC, the 1% general partner of Patients' CCC, L.P., consists of two 50% members—Dr. Birenbaum, individually, and Gulf Coast. Dr. Birenbaum participates directly as an individual in the capacity of a limited partner in Patients' CCC, L.P. and a member of Patients' CCC GP, LLC. Dr. D'Andrea's involvement in both entities is through a closely held corporation, Gulf Coast.

On August 16, 2007, Dr. Birenbaum, acting as a member of Patients' CCC GP, LLC, joined the usury/fraud case "ex rel" on behalf of Patients' CCC, L.P. Dr. Mark D'Andrea, the President of Gulf Coast, and Kirk Kennedy, the Vice–President and general counsel to Gulf Coast, were joined as Defendants under a fraud claim in the usury lawsuit.

Real parties in interest filed a motion to consolidate both lawsuits in the trial court. In their motion, real parties asserted the requirements of rule 174 of the Texas Rules of Civil Procedure, which governs consolidation, were met and consolidation was appropriate to "avoid unnecessary costs and prevent delay." Real parties assert the requirements for consolidation were met because (1) the claims arise out of a single, protracted partnership dispute; (2) common issues of fact and law predominate; (3) the witnesses and evidence are interwoven between the claims; and (4) consolidation enhances the jury's understanding and avoids jury confusion. Further, real parties asserted in the trial court if the suits were not consolidated, both sides would "risk adverse res judicata." Relator responded that the requirements of rule 174 had not been met because there are no common issues of fact or law between the two lawsuits and consolidation would result in jury confusion and prejudice.

At the hearing on the motion to consolidate, real parties argued the cases "involve claims between partners or related entities" and basically consist of a "partnership dispute" between two doctors. Real parties did not articulate any shared facts or questions of law in the motion to consolidate or at the hearing on the motion. Relators argued consolidation was not appropriate because there were no shared facts or questions of law and consolidation would cause jury confusion and prejudice. Subsequent to the hearing, the trial judge ordered consolidation of the lease lawsuit and usury lawsuit. Relator filed this mandamus action objecting to the consolidation.

## II. JURISDICTION

The Texas Constitution provides that the courts of appeals have such appellate and original jurisdiction as prescribed by law. TEX. CONST. Art. V, § 6. Under the Government Code, a court of appeals "may issue a writ of mandamus and all other writs necessary to enforce jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 2004). A court of appeals may issue such a writ to prevent an appeal from becoming moot. *Dallas Morning News v. Fifth Court of Appeals,* 842 S.W.2d 655, 657 (Tex.1992) (orig. proceeding); *In re Shields,* 190 S.W.3d 717,

719 (Tex.App.-Dallas 2005) (orig. proceeding).

## III. STANDARD OF REVIEW

 Mandamus relief is available when the trial court abuses its discretion or violates a legal duty and there is no adequate remedy at law, such as by appeal. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex.2004) (orig. proceeding) (per curiam) (citing *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding)); *In re Tex. Am. Express, Inc.*, 190 S.W.3d 720, 723 (Tex.App.-Dallas 2005, orig. proceeding) (per curiam). "In determining whether appeal is an adequate remedy, appellate courts consider whether the benefits outweigh the detriments of mandamus review." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex.2004).

### A. Abuse of Discretion

 A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex.2005) (orig. proceeding); *In re Tex. Am. Express*, 190 S.W.3d at 723. In determining whether the trial court abused its discretion in the resolution of factual matters, the court of appeals may not substitute its judgment for that of the trial court and may not disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *In re Sanders*, 153 S.W.3d 54, 56 (Tex.2004) (orig. proceeding); *In re Tex. Am. Express*, 190 S.W.3d at 724. A trial court has no discretion in determining what the law is or in applying the law to the facts. *See Walker*, 827 S.W.2d at 840; *In re Tex. Am. Express*, 190 S.W.3d at 724. Accordingly, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Walker*, 827 S.W.2d at 840; *In re Tex. Am. Express*, 190 S.W.3d at 724. If the trial court did not abuse its discretion, it is error for the court of appeals to grant mandamus relief. *In re Sanders*, 153 S.W.3d at 56; *In re Tex. Am. Express*, 190 S.W.3d at 724.

### B. No Adequate Remedy by Appeal

 The second requirement for mandamus relief, that the petitioner has no adequate remedy by appeal, "has no comprehensive definition." *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex.2005) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding)); *In re Tex. Am. Express*, 190 S.W.3d at 724. Determining whether a party has an adequate remedy by appeal requires a "careful balance of jurisprudential considerations" that "implicate both public and private interests." *See In re Ford Motor Co.*, 165 S.W.3d at 317; *In re Tex. Am. Express*, 190 S.W.3d at 724. "In determining whether appeal is an adequate remedy, appellate courts consider whether the benefits outweigh the detriments of mandamus review." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136; *In re Tex. Am. Express*, 190 S.W.3d at 724.

 An appeal is inadequate when the parties are in danger of permanently losing substantial rights. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding); *In re Tex. Am. Express*, 190 S.W.3d at 724. Such a danger arises when the appellate court would not be able to cure the error, the party's ability to present a viable claim or defense is vitiated, or the error cannot be made part of the appellate record. *In re Van Waters*, 145 S.W.3d at 211; *In re Tex. Am. Express*, 190 S.W.3d at 724.

## IV. CONSOLIDATION

Relator argues consolidation of the usury lawsuit with the lease lawsuit was an abuse of discretion because there are no common questions of fact or law and consolidation will likely confuse the jury and substantially prejudice relator. Real parties in interest respond that there was no abuse of discretion because all of the required factors for consolidation are present and were met.

### A. Applicable Law

■■■■■ Rule 174 of the Texas Rules of Civil Procedure governs consolidation of actions. Rule 174(a) provides:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

TEX.R. CIV. P. 174(a). Rule 174 give the trial court broad discretion to consolidate cases with common issues of law or fact. See Lone Star Ford, Inc. v. McCormick, 838 S.W.2d 734, 737 (Tex.App.-Houston [1st Dist.] 1992, writ denied). As the Texas Supreme Court stated in Womack v. Berry:

The use of the permissive word "may" imports the exercise of discretion in such matters. But the court is not vested with unlimited discretion, and is required to exercise a sound and legal discretion within limits created by the circumstances of the particular case. The express purpose of the rule is to further convenience and avoid prejudice, and thus promote the ends of justice. When all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby, there is no room for the exercise of discretion.

Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677, 683 (1956); Dal–Briar Corp. v. Baskette, 833 S.W.2d 612, 615 (Tex.App.-El Paso 1992, no writ). We apply the same principles in considering the propriety of consolidation under rule 174 as apply to the ordering of separate trials under that authority. See Dal–Briar Corp., 833 S.W.2d at 615.

■■■■■ The trial court may consolidate actions that relate to substantially the same transaction, occurrence, subject matter, or question. Crestway Care Ctr., Inc. v. Berchelmann, 945 S.W.2d 872, 873–74 (Tex.App.-San Antonio 1997, orig. proceeding) (op. on rehearing) (en banc); Lone Star Ford, Inc., 838 S.W.2d at 737. The actions should be so related that the evidence presented will be material, relevant, and admissible in each case. Owens–Corning Fiberglas Corp. v. Martin, 942 S.W.2d 712, 716 (Tex.App.-Dallas 1997, no pet.); Crestway Care Ctr., Inc., 945 S.W.2d at 873–74. A trial court may abuse its discretion by "incorrectly resolving the relatedness issue" or by consolidating cases when the consolidation results in prejudice to the complaining party. Crestway Care Ctr., Inc., 945 S.W.2d at 874 (citing Lone Star Ford, 838 S.W.2d at 738).

■■■■■ In deciding whether to consolidate, the trial court must balance the judicial economy and convenience that may be gained by the consolidation against the risk of an unfair outcome because of prejudice or jury confusion. See Dal–Briar, 833 S.W.2d at 615; Owens–Corning Fiberglas Corp., 942 S.W.2d at 716. Even if the cases share common questions of law and

fact, an abuse of discretion may be found if the consolidation results in prejudice to the complaining party. *Lone Star Ford, Inc.*, 838 S.W.2d at 738. However, we may not presume prejudice; it must be demonstrated. *Id.* Where the cases do share common questions of law and fact, and the record does not reveal actual prejudice, the consolidation does not provide a basis for reversal. *See Hall v. Dorsey*, 596 S.W.2d 565, 569 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.).

### B. Application of Law to Facts

■ The central and primary requirement for consolidation of actions as directed by rule 174(a) is that there must exist common issues of law or fact in both cases. *See* Tex.R. Civ. P. 174(a). Relators contend the two suits are dramatically different. One is a usury claim related to a restated partnership loan and allegations of fraud in that transaction which occurred in May 2006. The other is a suit for declaratory judgment respecting an asserted mutual mistake of fact as to a lease executed in August 2001 and a dispute over payment of rent under that lease. Relator asserts real parties do not demonstrate the existence of any common issues of fact or law in the two cases because there are none. On the other hand, real parties in interest argue there is involvement of some of the same parties in both suits and, ultimately, behind the various entities and disputes are just two individuals—Dr. Dennis Birenbaum and Dr. Mark D'Andrea. Also, real parties assert that some documentation and witnesses will be common to both actions.

In the face of relator's assertion that there are no common issues of law or fact to be found in the two actions, real parties did not cite the trial court, nor do they cite this Court, to one instance where any actual common issues of law or fact are shared in the two actions. In fact, the uncontested description of the suits demonstrate a material difference in the legal nature of each. The issues in the usury suit are whether the interest on the restated loan is usurious and whether there was fraud in the transaction which converted a capital contribution by one party into a partnership loan. On the other hand, the issues in the lease suit involve the square footage that was intended to be included in the leased premises and a dispute over rent payments which should be payable for the square footage leased, which was allegedly less than the square footage identified in the lease.

Further, relators contend that consolidation of the cases for trial will be confusing and prejudicial for a number of reasons:

(1) two different and opposing sets of attorneys represent Patients' [CCC,] L.P. in each case, sometimes speaking for the partnership and sometimes for the party suing it;

(2) witnesses' testimony relating to the Usury Lawsuit issues coupled with the same witnesses' testimony, (but in different legal and corporate capacities), relating to the Rent Lawsuit issues;

(3) the "boot strapping" of unrelated alleged bad acts from one case to poison the jury as to claims in the other.

On the other hand, real parties contend the facts will not change and relators must "live with their bad facts." Additionally, real parties contend that, even were the cases not consolidated, pursuant to rule 51[2] of the Texas Rules of Civil Procedure,

---

**2.** Rule 51 provides:

The plaintiff in his petition or in a reply setting forth a counterclaim and the defen-

dant in an answer setting forth a counterclaim may join either as independent or as alternate claims as many claims either legal

they could "non-suit" and add the usury claims in the "square footage lawsuit." Accordingly, they argue, in that event, the claims would all be tried together anyway. Finally, real parties contend that "both sides risk adverse res judicata." However, we are offered no examples to demonstrate that risk.

On this record, we conclude there is no evidence demonstrating real parties in interest met their burden to show the primary requirement for consolidation of cases under rule 174(a), the existence of common issues of law or fact. *See* Tex.R. Civ. P. 174(a). The usury suit and the lease suit have not been shown to include any common issues of law or fact. Under such circumstances, it cannot be said that the consolidated actions relate substantially to the same transaction, occurrence, subject matter, or question; neither are the cases so related that the evidence presented will be material, relevant, and admissible in each case. *See Lone Star Ford, Inc.*, 838 S.W.2d at 738; *Owens–Corning Fiberglas Corp.*, 942 S.W.2d at 716.

Even if we were to accept as fact the argument of real parties that the two lawsuits involve the same principals behind the partnerships, limited liability companies, and corporations, (that is, Drs. Birenbaum and D'Andrea), and some of the same testimony and documents will be offered in both cases, we cannot agree that the requirements of rule 174(a) are met. The existence of some common evidence or background information which may be developed in each case does not alter the fact that the two cases stem from materially different operative facts and law applicable

to each case. On this record, the two lawsuits do not meet the "relatedness" requirement. *See Crestway Care Ctr., Inc.*, 945 S.W.2d at 874; *Lone Star Ford*, 838 S.W.2d at 738.

█ Further, even if we were to accept the assertion there are commonalities as required by rule 174(a), any convenience which might be obtained by consolidation is outweighed by the substantial difference in each case and the risk of unfair outcome because of prejudice or confusion by the jury. *See Dal–Briar*, 833 S.W.2d at 615; *Lone Star Ford*, 838 S.W.2d at 738. Real parties' contention that they can simply non-suit and add claims pursuant to rule 51 of the Texas Rules of Civil Procedure is of no moment. Such an action is not before us on this record and we do not state any position as to the validity of real parties' contention. Based on this record, and the foregoing considerations, we conclude the trial judge abused his discretion in ordering consolidation of the usury lawsuit and the lease lawsuit.

█ Next, we consider whether there is an adequate remedy at law. Relator argues that once a consolidated trial is held, appellate review of the case would be virtually impossible because of the different sets of facts presented by the same lawyers wearing "different hats" for multiple parties. Also, relator contends the extent of confusion or prejudice will not be ascertainable and meaningful appellate review on the propriety of consolidation would be negligible.

The El Paso Court of Appeals stated the following in a mandamus case where three lawsuits had been consolidated,

or equitable or both as he may have against an opposing party. There may be a like joinder of claims when there are multiple parties if the requirements of Rules 39, 40, and 43 are satisfied. There may be a like

joinder of cross claims or third-party claims if the requirements of Rules 38 and 97, respectively, are satisfied.
Tex.R. Civ. P. 51(a).

The jury will simply return a verdict upon each claim, and whether jurors reached any individual verdict because of evidence admitted as relevant to another case; or whether jurors believed that because three plaintiffs alleged the same wrongs, there must be some misdeeds by Dal–Briar based upon sheer numbers; or whether the jury simply hesitated to return a verdict for one plaintiff without finding for all three, will never be ascertainable. The chance of obtaining meaningful appellate review on the propriety of consolidation is, therefore, negligible. We find that Dal–Briar has met the requirement of showing an imminent loss of substantial rights, which cannot be cured by ordinary appellate remedies.

*Dal–Briar*, 833 S.W.2d at 617. That reasoning applies here in the case before us. We recognize that mandamus will not issue where there is a clear and adequate remedy at law, such as a normal appeal. However, on this record, were these lawsuits to be tried together to a jury, there exists a likelihood that an appellate court could not untangle how or whether prejudice and confusion infected the jury's deliberations. *See id.* We conclude there is no adequate remedy at law.

### V. CONCLUSION

On this record, we conclude the trial judge abused his discretion by consolidating these cases for trial and relator has no adequate remedy by appeal. A writ of mandamus is CONDITIONALLY GRANTED.