**Writ Conditionally Granted in Part and Denied in Part; Opinion Filed September 19, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-19-00971-CV
No. 05-19-00973-CV

## IN RE: M.B. AND V.B., RELATORS

**Original Proceeding from the 196th District Court**
**Hunt County, Texas**
**Trial Court Cause Nos. 86428 and 87706**

## MEMORANDUM OPINION
Before Justices Myers, Molberg, and Nowell
Opinion by Justice Nowell

In this original proceeding, Relators M.B. and V.B. (Foster Parents) seek relief from the

trial court's order consolidating their suit affecting the parent-child relationship (SAPCR) with a

pending SAPCR filed by the Texas Department of Family and Protective Services (Department)

and denying the Foster Parents' request for a jury trial in the consolidated proceeding. We conclude

the Foster Parents are entitled to partial relief. We conditionally grant the writ in part as to the

denial of the request for a jury trial and deny it in all other respects.

### BACKGROUND

Relators are the foster parents of Cassidy,[1] age three. Cassidy's older sister, Amy, is age

---

[1] We use pseudonyms or initials to protect the confidentiality of the children and persons involved in these proceedings. TEX. R. APP. P. 9.8.

ten. The Department removed the children from Mother in 2017 in another proceeding. Cassidy was placed with the Fosters Parents for just over a year in that proceeding. The children were reunited with Mother on February 22, 2018. The Department later removed the children on August 8, 2018 and placed Cassidy with the Foster Parents and Amy with another family. At the same time, the Department filed a petition seeking termination of the parental rights of Mother and the children's fathers and appointment as the managing conservator. We refer to this suit, cause number 86428, as the CPS Case.

The Foster Parents were initially supportive of the plan for Cassidy to be reunited with her family. However, the Foster Parents attended the permanency hearing on June 25, 2019 where the guardian ad litem and the attorney ad litem for the children expressed conflicting concerns regarding the placement of Cassidy. The next day, the Foster Parents filed a petition in intervention in the CPS Case. They sought termination of the parental rights of Mother and Father to Cassidy and appointment as Cassidy's sole managing conservators. The Foster Parents filed an amended petition in intervention seeking the same relief on July 11, 2019. The Department and Mother filed a motion to strike the intervention. According to the Foster Parents' petition in this Court, a hearing was held on the motion to strike on July 11, 2019, but the trial court did not rule at that time. The Department and Mother later withdrew the motion to strike.

On July 15, 2019, the Foster Parents filed a new SAPCR, cause number 87706, in which they sought termination of Mother's and Father's parental rights, appointment as Cassidy's sole managing conservators, and adoption of Cassidy. On July 25, 2019, the Foster Parents filed a written request for a jury trial and paid the jury fee in the new SAPCR. On July 29 and 30, 2019, the attorney ad litem, the Department, and Mother filed motions to consolidate the new SAPCR with the pending CPS Case because the cases share common questions of law and fact regarding

the same child, Cassidy, and the rights of her parents.

The trial court conducted a hearing on the motions to consolidate on August 2, 2019, the same day the CPS Case was set for final hearing. The Foster Parents opposed consolidation of the cases, but argued that if the trial court consolidated the cases, it should grant their request for a jury. The trial court granted the motion to consolidate, but noting that the Foster Parents intervened after the date for requesting a jury trial in the CPS Case and expressing concern about allowing a party who intervenes after a scheduling deadline to file a separate suit seeking the same relief in order to obtain new deadlines, denied the Foster Parents' request for a jury trial.

Due to a monitored return for Amy, the trial court set a new dismissal date for December 24, 2019, and reset the trial date to September 30, 2019. This original proceeding is directed to the trial court's oral ruling granting the motions to consolidate and denying the Foster Parents' request for a jury trial.

### MANDAMUS STANDARD

Mandamus is an extraordinary remedy that is available only when the trial court has clearly abused its discretion and there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36, 137 (Tex. 2004) (orig. proceeding). A clear abuse of discretion occurs when a trial court "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* Therefore, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Id.* at 840.

Denial of trial by jury is reviewable by mandamus. *In re Prudential Ins. Co.*, 148 S.W.3d at 139. Similarly, mandamus relief may be available to challenge a consolidation order when the parties are in danger of permanently losing substantial rights. *See In re Gulf Bus. Dev. Corp.*, 247

–3–

S.W.3d 787, 793 (Tex. App.—Dallas 2008, orig. proceeding).

Before addressing the merits, we note that we do not have a written order signed by the trial court containing the challenged rulings. However, mandamus relief may be based on oral order that is "clear, specific, and enforceable" and "adequately shown by the record." *In re Groves*, No. 01-15-00537-CV, 2016 WL 921645, at *2–3 & n.3 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (mem. op.); *see also* TEX. R. APP. P. 52.3(k)(1)(A) ("The appendix must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of."); *In re Bledsoe*, 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding). Here, we have been provided with the record of the hearing containing the trial court's ruling on the motion to consolidate and relators' request for a jury trial. *Cf. In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 316 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (noting that mandamus record must include either trial court's written order or "reporter's record reflecting an oral ruling in open court").

## DISCUSSION

In a single issue, the Foster Parents argue the trial court abused its discretion by granting the motion to consolidate and by denying their request for a jury trial. The Department argues the Foster Parents lacked standing to both intervene in the CPS Case and to file their new SAPCR and the that the trial court did not abuse its discretion.

### A. Standing

Because standing impacts the trial court's subject matter jurisdiction, we address the Department's argument that the Foster Parents lack standing before addressing the merits of this original proceeding.

Standing is a component of subject matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit under Texas law. *In re M.K.S.–V.*, 301 S.W.3d 460, 463 (Tex. App.—

Dallas 2009, pet. denied). Thus, it may be raised for the first time on appeal by the parties or by the court. *Texas Ass's of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993). Whether a party has standing to seek relief in a suit affecting the parent-child relationship is governed by the Texas Family Code. *In re E.G.L.*, 378 S.W.3d 542, 547 (Tex. App.—Dallas 2012, pet. denied).

A person seeking conservatorship of a child must have standing to bring suit. *In re I.I.G.T.*, 412 S.W.3d 803, 805–06 (Tex. App.—Dallas 2013, no pet.). Standing in SAPCRs is governed by the family code, and a party bringing a SAPCR must plead and establish standing under the family code's provisions. *M.K.S.–V.*, 301 S.W.3d at 464. A foster parent has standing to file an original suit if the Department has placed the child "in the person's home for at least 12 months ending not more than 90 days preceding the date of the filing of the petition." TEX. FAM. CODE ANN. § 102.003(a)(12). A foster parent seeking to intervene in a pending suit under section 102.004(b), may only be granted leave to intervene if the foster parent would have standing under section 102.003(a)(12). *Id.* § 102.004(b-1). In computing the time necessary for standing under section 102.003(a)(12), "the court may not require that the time be continuous and uninterrupted but shall consider the child's principal residence during the relevant time preceding the date of commencement of the suit." *Id.* § 102.003(b).

The record shows Cassidy was placed with the Foster Parents by the Department from January 30, 2017 to February 22, 2018, a period of over twelve months. She was returned to Mother from February 22, 2018 to August 8, 2018, a period of over five months, then placed with the Foster Parents on August 8, 2018. The Foster Parents intervened approximately ten months later and filed the new SAPCR eleven months later. Cassidy had been placed with the Foster Parents for a total of at least twenty-two months when they intervened and twenty-three months

when they filed the new SAPCR, both periods interrupted by a period of five months when Cassidy was returned to Mother.

The Department argues the Foster Parents lack standing because they did not have possession for twelve months immediately before they intervened and filed the new SAPCR. It contends the period of possession prior to February 22, 2018 cannot be considered because the possession was interrupted by more than ninety days. We cannot agree. The Legislature expressly provided that in computing the time period required for standing under section 102.003(a)(12), "the court may not require that the time be continuous and uninterrupted." TEX. FAM. CODE ANN. § 102.003(b). Even though the Foster Parents' possession was interrupted, Cassidy was placed in their home for at least twelve months ending not more than ninety days before they intervened and filed the new SAPCR. *See In Interest of A.L.H.*, 515 S.W.3d 60, 83 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (foster parents who had possession of child for nearly two years had standing to intervene in SAPCR); *In re B.A.G.*, No. 11-11-00354-CV, 2013 WL 364240, at *7 (Tex. App.—Eastland Jan. 31, 2013, no pet.) (person asserting standing may aggregate separate periods of possession). Based on the plain language of the statutes, "evidence of a break between periods of possession does not defeat standing." *In re B.A.G.*, 2013 WL 364240, at *9; *see also In re Guardianship of C.E.M.-K.*, 341 S.W.3d 68, 77–78 (Tex. App.—San Antonio 2011, pet. denied) (possession totaling at least eight months sufficient to confer standing under section 102.003(a)(9) even though possession was interrupted by one month while child was in possession of her mother).

We conclude the Foster Parents established standing to intervene and to file the new SAPCR. Accordingly, the trial court had subject matter jurisdiction over those proceedings.

**B. Consolidation**

The Foster Parents contend the trial court abused its discretion by consolidating the new

SAPCR with the CPS Case.

A trial court has broad discretion to consolidate cases involving a common question of law or fact. TEX. R. CIV. P. 174(a); *In re Gulf Coast Bus. Dev. Corp.*, 247 S.W.3d 787, 794–95 (Tex. App.—Dallas 2008, orig. proceeding). Rule 174(a) does not require that all questions of law or fact be common to the cases; even one common question of significance suffices for consolidation. *In re A.L.H.*, 515 S.W.3d at 85. The Foster Parents intervened in the CPS Case seeking termination of the parental rights of Mother and Father to Cassidy and appointment as her managing conservator. They sought the same relief in the new SAPCR in addition to seeking to adopt Cassidy. Both of the cases before the trial court involve common questions of law and fact regarding the parental rights to the same child, Cassidy. Both the CPS Case and the new SAPCR involve a common, crucial question: who should be Cassidy's managing conservator? We cannot conclude on this record that the trial court abused its discretion by consolidating the cases so that the question could be answered in a single proceeding. We deny the petition for writ of mandamus to the extent it seeks to vacate the order consolidating the two cases.

### C. Jury Trial

In family law cases, a party may demand a jury trial except in suits for adoption or to adjudicate parentage. *See* TEX. FAM. CODE ANN. § 105.002(a), (b). To be entitled to a jury trial, a party must file a timely written request for a jury and either pay the jury fee or file an affidavit of inability to pay the fee. *See* TEX. R. CIV. P. 216, 217. A jury request filed thirty or more days before the trial setting is presumed reasonable. *Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex. 1991) (per curiam). The adverse party may rebut that presumption by showing that the granting of a jury trial would operate to injure the adverse party, disrupt the court's docket, or impede the ordinary handling of the court's business. *Id.*

The trial court's scheduling order in the CPS Case required a jury demand to be filed at

least sixty days before trial.[2] At the consolidation hearing, the trial setting was moved to September 30, 2019. Thus, after consolidation of the cases, the Foster Parents' demand for a jury trial, filed July 25, 2019 in the new SAPCR, was filed more than sixty days before the new trial setting and therefore timely. *See Halsell*, 810 S.W.2d at 371 (untimely jury demand became timely when court reset case for date more than thirty days after request for jury trial).

When a jury trial is available as a matter of right, a timely request is presumptively reasonable and ordinarily must be granted absent evidence rebutting the presumption of reasonableness. *See id*. In this proceeding, the Department presented no evidence that granting a jury trial would cause it injury. Further, the trial court indicated it would be able to try the case to a jury on September 30, 2019 and allowing a jury trial would not disrupt its docket. Thus, the record reflects that allowing a jury trial would not injure the adverse party, disrupt the court's docket, or impede the ordinary handling of the court's business. *See id.*; *In re J.M.B.*, No. 05-16-01311-CV, 2017 WL 1536506, at *2–3 (Tex. App.—Dallas Apr. 27, 2017, no pet.). Under these circumstances, we conclude the trial court abused its discretion by denying the Foster Parents' request for a jury. We grant the petition for writ of mandamus to the extent it seeks to vacate the denial of a jury trial.

## CONCLUSION

We deny in part and conditionally grant in part the Foster Parents' petition for writ of mandamus. We deny the petition on the issue of consolidation of the two proceedings. We conditionally grant the petition for writ of mandamus regarding the Foster Parents' request for a jury trial. We order the trial court to vacate that portion of its oral order of August 2, 2019 denying

---

[2] We express no opinion whether a court may routinely lessen the time in which a party may request a jury trial by means of a general scheduling order. *See* TEX. R. CIV. P. 216 (request filed "a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days" before trial).

the Foster Parents' request for a jury trial. A writ will issue only in the event the trial court fails to comply with this opinion and the order of this date.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

190971F.P05