**Reverse in Part, Affirm in Part and Remand and Opinion Filed March 8, 2022**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00002-CV

**TFHSP, LLC, AS SUCCESSOR TRUSTEE OF THE DARTMOOR 404
LAND TRUST, Appellant
V.
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE RELATING TO JP
MORGAN MORTGAGE ACQUISITION CORP. 2005 FRE1 ASSET
BACKED PASS-THROUGH CERTIFICATES, ET AL., Appellees**

**On Appeal from the 429th Judicial District Court
Collin County, Texas
Trial Court Cause No. 429-00180-2014**

## MEMORANDUM OPINION

Before Chief Justice Burns and Justices Molberg and Reichek
Opinion by Chief Justice Burns

This appeal is brought by appellant TFHSP, LLC, as Successor Trustee of the

Dartmoor 404 Land Trust. TFHSP challenges a summary judgment that declared

TFHSP's interest in a property to be subject to a lien. We conclude that the trial

court erred by granting summary judgment in favor of appellee U.S. Bank National

Association, as Trustee relating to J.P. Morgan Mortgage Acquisition Corp. 2005-

FRE1 Asset Backed Pass-Through Certificates Series 2005-FRE1 (hereinafter US

Bank) on its quiet title claim, and we reverse and remand that claim.  We affirm the summary judgment in all other respects.

## I. BACKGROUND

### A. How Appellant TFHSP Came to Hold Title for the Property

In 2005, Richard and Kathleen Tear purchased a property in Celina, Texas. The property was subject to a declaration of covenants, conditions, and restrictions that required the owners to pay assessments to a homeowners' association.  The declaration gave the homeowners' association the right to establish a lien on the property for any deficiencies.

The Tears failed to pay the required assessments, and the homeowners' association established a lien against the property in 2009.  When the property was foreclosed upon, Kingman Holdings, LLC was the purchaser.  In 2011, Kingman Holdings sold the property to D with W Holdings.  D with W Holdings then conveyed its title to Dartmoor 404 Land Trust, with Trina Ngo as trustee.  Appellee TFHSP was appointed as successor trustee in 2012 and continues in that role as of this appeal.

### B. How Appellee US Bank Came to Hold the Deed of Trust for the Property

When the Tears bought the property in 2005, they executed a deed of trust in favor of Fremont Investment & Loan.  In 2007, Fremont assigned the deed of trust to US Bank National Association As Trustee, who in turn assigned the deed of trust to the appellee here, whom we have referred to as US Bank.

## C.     Litigation Concerning the Property

This suit is one of at least three concerning the property, though only two suits are consequential here. The first suit (the 2011 suit) was brought by one of the former titleholders, D with W Holdings. In the 2011 suit, D with W Holdings obtained a default judgment against US Bank, quieting title to the property in D with W Holdings' favor.

In the present lawsuit, which began in 2014, US Bank sued for and obtained relief on a bill of review to set aside the default judgment, which revived D with W Holdings' claims from the 2011 lawsuit. Also in the present lawsuit, the trial court ordered that D with W Holdings' revived claims be brought into the present lawsuit for litigation on the merits. This transfer of claims from the 2011 lawsuit into the present lawsuit is the subject of TFHSP's first issue on appeal.

After the transfer, US Bank raised new claims against TFHSP for quiet title, declaratory judgment, and judicial foreclosure in the present lawsuit. D with W Holdings then nonsuited its revived claims, leaving US Bank's new claims as the only outstanding causes of action in the present lawsuit. US Bank moved for partial summary judgment (1) to dispose of TFHSP's affirmative defenses and (2) to obtain relief on its own claims.

The trial court ordered that US Bank's partial summary judgment motion was granted in all respects, though it did not grant any relief quieting title to the property. Instead, the sole relief granted in the partial summary judgment order was a

declaration that TFHSP's equitable title was subject to US Bank's lien. US Bank then nonsuited its last remaining claim for foreclosure, which prompted the trial court to render a final summary judgment with substantially the same relief as the earlier partial summary judgment order. The final summary judgment is the subject of TFHSP's second issue on appeal.

## II. CONSOLIDATION

In its first issue, TFHSP asserts that the order granting the bill of review awarded relief that "was inconsistent with the relief specifically prayed for in the active pleading." However, TFHSP does not specify what that relief was or how it was unsupported by the pleadings, so we are left to guess at the nature of TFHSP's argument.

US Bank attempts to clarify matters. According to US Bank, TFHSP is challenging the aspect of the order that allowed the claims from the 2011 lawsuit to be brought into the present lawsuit. As US Bank understands the argument, TFHSP insists that this is the sort of relief that must be specifically pleaded for. Because there were no pleadings that asked the trial court to bring the 2011 claims into the present lawsuit, TFHSP apparently believes that this move exceeds what was justified by the pleadings and was error.

If that is indeed the nature of TFHSP's argument, then we disagree with it. In our view, this aspect of the order best resembles a consolidation. The trial court may consolidate actions that relate to substantially the same transaction, occurrence,

subject matter, or question. *In re Gulf Coast Bus. Dev. Corp.*, 247 S.W.3d 787, 794 (Tex. App.—Dallas 2008, orig. proceeding); *see* TEX. R. CIV. P. 174(a). In deciding whether to consolidate, the trial court must balance the judicial economy and convenience that may be gained by the consolidation against the risk of an unfair outcome because of prejudice or jury confusion. *Gulf Coast*, 247 S.W.3d at 794. "Rule 174 give[s] the trial court broad discretion to consolidate cases with common issues of law or fact." *Id.*

TFHSP does not challenge this effective consolidation on its merits. Instead, TFHSP apparently insists that this consolidation was a form of relief that must be supported by pleadings.

However, our precedent contemplates that consolidations can be handled by motion. *See S. W. Prop. Tr., Inc. v. Dall. Cnty. Flood Control Dist. No. 1*, 136 S.W.3d 1, 12 (Tex. App.—Dallas 2001, no pet.) (op. on reh'g). We have held that motions are not pleadings. *Jobe v. Lapidus*, 874 S.W.2d 764, 765–66 (Tex. App.—Dallas 1994, writ denied). By extension, then, we can conclude that this aspect of the order in question was not required to be supported by pleadings since it could be handled entirely by motion. And if this is not, in fact, the thrust of TFHSP's argument, then we hold that whatever argument it intended to make instead was inadequately briefed. *See* TEX. R. APP. P. 38.1(i).

We therefore overrule TFHSP's first issue.

### III. QUIET TITLE CLAIM

Within its second issue, TFHSP maintains that the trial court erred by granting summary judgment on US Bank's claim for quiet title. By TFHSP's account, US Bank "failed to allege—much less prove" that TFHSP's claimed interest in the property is invalid or unenforceable, which is a required element of a quiet title claim.

However, the kind of relief that US Bank sought by way of its quiet title claim does not align with the elements for a suit to quiet title. In such a suit, the plaintiff has the burden to show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *Rhodes v. Kelly*, No. 05-16-00888-CV, 2017 WL 2774452, at *10 (Tex. App.—Dallas June 27, 2017, pet. denied) (mem. op.) (citing, *inter alia*, *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied)). "[T]he plaintiff in a quiet-title suit must prove that he has a right of ownership and that the adverse claim is a cloud on the title that equity will remove," *Brumley v. McDuff*, 616 S.W.3d 826, 835 (Tex. 2021) (internal quotation omitted), but US Bank has made clear that it was not seeking to dispel any clouds on its title. In its pleadings and motion for summary judgment, US Bank did not contend or prove that TFHSP's interest in the property was invalid, and on appeal, US Bank does not dispute that TFHSP holds valid equitable title to the property. Instead, it prayed for a declaration that TFHSP's equitable title was subject to US Bank's

lien—as it did in its declaratory claim.[1]  This does not comport with a claim for quiet title.  *See Vernon*, 390 S.W.3d at 61.

Nor does the trial court's award comport with a quiet title claim.  While the trial court nominally stated that it was granting the motion for summary judgment "on all grounds stated" in the motion, the trial court did not declare TFHSP's interest to be invalid or award any other relief that would correspond with an action to quiet title.[2]  *See Johnson Kidz, Inc. v. Veritex Cmty. Bank, N.A.*, No. 05-16-00110-CV, 2017 WL 1967660, at *5 (Tex. App.—Dallas May 12, 2017, no pet.) (mem. op.) (concluding that the trial court did not grant summary judgment on a claim when there was no relief that would correspond to that claim).

---

[1]US Bank did not plead the elements of a claim for trespass to try title in its petition, *see Brumley*, 616 S.W.3d at 834, and US Bank did not argue or prove any summary judgment ground relating to a claim of trespass to try title, *see Powell v. Knipp*, 479 S.W.3d 394, 408 n.9 (Tex. App.—Dallas 2015, pet. denied) ("A summary judgment can be granted only on the grounds stated in the motion.").  We therefore may not affirm summary judgment on the quiet title claim under the theory that it is simply a misnamed claim for trespass to try title that was nonetheless adequately pleaded and proved.  *Cf. Brumley*, 616 S.W.3d at 834.

[2]Ordinarily, "[w]hen an action for declaratory relief and a suit to quiet title are based on the same facts and request similar relief, they are both treated as one suit to quiet title." *Gordon v. W. Hous. Trees, Ltd.*, 352 S.W.3d 32, 38 n.1 (Tex. App.—Houston [1st Dist.] 2011, no pet.).  However, as its parameters suggest, this rule presumes that the declaratory action will be functionally interchangeable with the quiet title action.  We find it inappropriate to treat the declaratory claim as a stand-in for the quiet title claim because they are not perfect substitutes for one another.  The quiet title suit was misdirected at obtaining a declaration on lien priority.  By contrast, the declaratory judgment claim was properly targeted at obtaining the same relief.  Thus, though both claims are based on the same facts and request similar relief, the quiet title claim is marked by irregularities in its form and orientation, whereas the declaratory claim suffers from no such defects.  Treating the declaratory claim as though it were subsumed within the quiet title claim would only amplify the technical defects in the quiet title claim while masking the merit of the declaratory claim.  This difference between the claims precludes us from treating the two as fungible counterparts under the unique circumstances presented here.

Regardless, to the extent that the trial court here nominally granted final summary judgment on this claim, we agree with TFHSP that such a grant was error. To that extent, we sustain TFHSP's second issue.

## IV.  THE JUDGMENT'S SCOPE

Also within its second issue, TFHSP contends that the trial court was wrong to grant relief purporting to bind the original trustee for the property, Trina Ngo, given that US Bank had not made her a defendant with respect to its claims.

We agree.  "A declaration does not prejudice the rights of a person not a party to the proceeding."  TEX. CIV. PRAC. & REM. CODE § 37.006(a).

Beyond this, TFHSP does not contend that Ngo was an indispensable party to the declaratory judgment action, such that a declaratory judgment might have been improper without her being made a party to the declaratory suit, *see, e.g.*, *Amboree v. Bonton*, 575 S.W.3d 38, 45 (Tex. App.—Houston [1st Dist.] 2019, no pet.), and TFHSP does not raise any other argument suggesting that Ngo's mention in the final summary judgment provided grounds for a wholesale reversal.

Therefore, to the degree that the judgment purports to bind Ngo, it does not affect her rights.  To that extent, we sustain TFHSP's second issue.

## V.  CONCLUSION

We reverse the trial court's judgment insofar as it finally disposes of US Bank's quiet title claim, and we remand that claim to the trial court for further consideration.  We hold that the final judgment does not bind Trina Ngo in her

capacity as the former trustee for the property.  We affirm the final judgment in all other respects; the final judgment otherwise remains intact, including its grant of a declaration concerning the parties' rights in the property.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

220002F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TFHSP, LLC, AS SUCCESSOR TRUSTEE OF THE DARTMOOR 404 LAND TRUST, Appellant

No. 05-22-00002-CV          V.

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE RELATING TO JP MORGAN MORTGAGE ACQUISITION CORP. 2005 FRE1 ASSET BACKED PASS-THROUGH CERTIFICATES, Appellee

On Appeal from the 429th Judicial District Court, Collin County, Texas Trial Court Cause No. 429-00180-2014.
Opinion delivered by Chief Justice Burns. Justices Molberg and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment which grants summary judgment on Appellant's quiet title claim. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellee U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE RELATING TO JP MORGAN MORTGAGE ACQUISITION CORP. 2005 FRE1 ASSET BACKED PASS-THROUGH CERTIFICATES recover its costs of this appeal from appellant TFHSP, LLC,

–10–

AS SUCCESSOR TRUSTEE OF THE DARTMOOR 404 LAND TRUST.

Judgment entered this 8th day of March 2023.