

# NUMBER 13-23-00150-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE FRANK THOMAS SHUMATE

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Silva and Peña
### Memorandum Opinion by Justice Peña[1]

On April 19, 2023, relator Frank Thomas Shumate filed a petition for writ of mandamus through which he asserts that the trial court erred by consolidating a case on a sworn account with a "complicated [d]erivative case involving corporate governance, different parties, different facts[,] and non-mutually admissible evidence." *See* TEX. R. CIV. P. 174(a); *In re A.L.H.*, 515 S.W.3d 60, 85 (Tex. App.—Houston [14th Dist.] 2017, pet.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

denied); *In re Gulf Coast Bus. Dev. Corp.*, 247 S.W.3d 787, 794–95 (Tex. App.—Dallas 2008, orig. proceeding); *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 439 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (op. on reh'g).

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

"A trial court abuses its discretion when it acts with disregard of guiding rules or principles or when it acts in an arbitrary or unreasonable manner." *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. Thus, under certain circumstances, a remedy by appeal may be inadequate to address an improper consolidation order. *See In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 210–11 (Tex. 2004) (orig. proceeding) (per curiam); *see also In re Cano*, No. 14-22-00369-CV, 2022 WL 3269061, at *3 (Tex. App.—Houston [14th Dist.] Aug. 11, 2022, orig. proceeding) (per curiam) (mem. op.).

The Court, having examined and fully considered the petition for writ of mandamus;

the response filed by the real parties in interest, Michael R. Mendietta, Javielle Mendietta, Blanca Mendietta, Gricelda Mendietta, and Arielle Mendietta; the reply filed by relator, and the applicable law, is of the opinion that relator has not met his burden of proof to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus.

L. ARON PEÑA JR.<br>
Justice

Delivered and filed on the
18th day of May, 2023.