

# NUMBER 13-25-00249-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE LORD AND I FUNERAL HOMES, LLC
## D/B/A LORD AND I FUNERAL HOMES

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices West and Cron
### Memorandum Opinion by Justice Cron[1]

Relator Lord and I Funeral Homes, LLC d/b/a Lord and I Funeral Homes filed a petition for writ of mandamus contending that the trial court abused its discretion by granting a motion to consolidate two cases, and alternatively, by hearing and ruling on the motion to consolidate in violation of the Local Rules of Hidalgo County, Texas, which require a motion to consolidate to be heard in the court where the first case was filed. *See*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

TEX. R. CIV. P. 174(a); HIDALGO CNTY. (TEX.) DIST. CT. LOC. R. 1.2.5.

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). The trial court abuses its discretion when it acts without reference to guiding rules or principles or in an arbitrary or unreasonable manner. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). To determine whether an appellate remedy is adequate, we balance or weigh the benefits of mandamus review against the detriments. *In re State Farm Mut. Auto. Ins.*, 712 S.W.3d 53, 59 (Tex. 2025) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real parties in interest Ramiro Garza Jr. individually and as next representative of the estate of Socorro G. Garza, decedent; Fernando Garza; Rolando Garza; and Ricardo Garza; the response filed by Guerra Funeral Home of Weslaco, Inc. d/b/a Guerra Funeral Home of Weslaco, additional briefing, and the applicable law, is of the opinion that relator has not met its burden to obtain relief. *See* TEX. R. CIV. P. 174(a); *In re A.L.H.*, 515 S.W.3d 60, 85 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *In re Gulf Coast Bus. Dev. Corp.*, 247 S.W.3d 787, 794–95 (Tex. App.—Dallas 2008, orig. proceeding); *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 439 (Tex. App.—Houston

2

[1st Dist.] 2007, no pet.) (op. on reh'g). Accordingly, lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. We deny the petition for writ of mandamus.

JENNY CRON
Justice

Delivered and filed on the
1st day of July, 2025.