## IN RE Carolyn BARNES

### No. 06-17-00086-CV

Court of Appeals of Texas, Texarkana.

Date Submitted: August 28, 2017

Date Decided: August 29, 2017

Carolyn Barnes, Pro Se, 419 Indian Trail, Leander, TX 78641, for appellant.

Maria Santos Donihoo, Pro Se, Post Office 375, Hamilton, TX 76531, for appellee.

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

Opinion by Chief Justice Morriss

Carolyn Barnes, an attorney acting pro se, has filed her third petition for writ of mandamus with this Court asking for mandamus relief against the Honorable Phil Robertson, judge of the 220th Judicial District Court in Hamilton County, Texas, and the court reporters serving that court. *See In re Barnes*, No. 06-17-00042-CV, 2017 WL 2118966, at *1 (Tex. App.—Texarkana Mar. 31, 2017, orig. proceeding) (mem. op.);[1] *In re Barnes*, No. 06-17-00019-CV, 2017 WL 359790, at *1 (Tex. App.—Texarkana Jan. 24, 2017, orig. proceeding) (mem. op.). Twice before, we have dismissed Barnes' mandamus petitions for want of jurisdiction after explaining that "there is no statutory or other authority which would permit this Court to exercise mandamus jurisdiction over a mandamus proceeding brought against a judge and court reporters" outside of our appellate district. *Barnes*, 2017 WL 359790, at *1; *Barnes*, 2017 WL 2118966, at *1. Our sister court in Waco has also denied two additional and related petitions by Barnes. *See In re Barnes*, No. 10-17-00122-CV, 2017 WL 1452839 (Tex. App.—Waco Apr. 19, 2017, orig. proceeding) (mem. op.); *In re Barnes*, No. 10-17-00003-CV, 2017 WL 123915 (Tex. App.—Waco Jan. 11, 2017, orig. proceeding) (mem. op.).

█ In a conclusory statement of jurisdiction in connection with her latest peti-tion, Barnes states that we have jurisdiction to issue a writ of mandamus "because it substantially impacts the jurisdiction of this court." She adds that her ability to present her appeal is impaired without mandamus assistance. But she fails to demonstrate how our jurisdiction is otherwise impaired.

█ Barnes correctly states that a court of appeals "may issue a writ of mandamus ... to enforce the jurisdiction of the court." *See* Tex. Gov't Code Ann. § 22.221(a); *see also Powell v. Hocker*, 516 S.W.3d 488, 491 (Tex. Crim. App. 2017) (orig. proceeding). If necessary to protect our jurisdiction, we have, for example, the power to issue a writ of mandamus against a district clerk. *In re Simmonds*, 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig. proceeding); *In re Bernard*, 993 S.W.2d 453, 454 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). But the relator must demonstrate how mandamus relief is actually necessary to protect our jurisdiction. *See Dallas Morning News v. Fifth Court of Appeals*, 842 S.W.2d 655, 657 (Tex. 1992) (orig. proceeding); *In re Windy Cities Cobblestone, LLC*, No. 08-17-00064-CV, 2017 WL 1032745, at *1 (Tex. App.—Dallas Mar. 17, 2017, orig. proceeding) (mem. op.); *In re Gulf Coast Bus. Dev. Corp.*, 247 S.W.3d 787, 792–93 (Tex. App.—Dallas 2008, orig. proceeding); *In re Shields*, 190 S.W.3d 717, 719 (Tex. App.—Dallas 2005, orig. proceeding). For example, mandamus relief may be necessary to protect jurisdiction when a reporter's record is completely missing in an existing appeal. *Abdnor v. Ovard*, 635 S.W.2d 864, 867 (Tex. App.—Dallas 1982), *aff'd*, 653 S.W.2d 793 (Tex. Crim. App. 1983). But, here, Barnes' allegations are that only

---

1. In our March 31 opinion, we noted, "We also may issue a writ of mandamus to the extent necessary to enforce our jurisdiction. Tex. Gov't Code Ann. § 22.221(a) (West 2004).

Barnes does not demonstrate that our jurisdiction is at stake here." *Barnes*, 2017 WL 2118966, at *1 n.6.

parts of the record are missing, a claim that does not implicate or threaten our jurisdiction in the underlying appeal. In sum, there has been nothing to show that our jurisdiction is impaired. Therefore, we conclude, again, that we do not have jurisdiction in this mandamus action.

For the reasons stated in our prior opinions, we dismiss Barnes' petition for writ of mandamus for want of jurisdiction.

Our prior mandamus opinions and those from our sister court in Waco have not deterred Barnes from filing this third mandamus proceeding in our Court and fifth overall. We hereby warn Barnes that further requests for mandamus relief against Phil Robertson of the 220th Judicial District Court or against the court reporters that serve that Court will result in the issuance of an order to show cause demonstrating why we should not sanction Barnes in accordance with Rule 52.11 of the Texas Rules of Appellate Procedure:

> [O]n its own initiative, the [appellate] court may—after notice and a reasonable opportunity to respond—impose just sanctions on a party or attorney who is not acting in good faith as indicated by any of the following:
>
> (a) filing a petition that is clearly groundless;
>
> (b) bringing the petition solely for delay of an underlying proceeding....

TEX. R. APP. P. 52.11.