COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| IN RE | § | No. 08-20-00026-CV |
| | § | |
| REGGIE A. JACKSON, | § | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | § | IN MANDAMUS |
| | § | |

## <u>MEMORANDUM OPINION</u>

Relator Reggie Jackson, pro se, has filed a petition for a writ of mandamus against the Honorable Eric Shepperd, judge of the County Court at Law No. 2 of Travis County, for allegedly failing to rule on a motion to strike testimony. The petition is dismissed for want of jurisdiction.

A court of appeals for a court of appeals district may issue writs of mandamus against a judge of a district, statutory county, statutory probate county, or county court *within the court's geographic district*. TEX.GOV'T CODE ANN. § 22.221(b)(1). The court of appeals also has the authority to issue a writ of mandamus if it is necessary to enforce its jurisdiction. TEX.GOV'T CODE ANN. § 22.221(a).

Here, Jackson directs his mandamus petition against the judge of the County Court at Law No. 2 of Travis County. This court is located outside the geographic district for the Eighth Court of Appeals. *See* TEX.GOV'T CODE ANN. 22.201(i) (granting this Court jurisdiction over the counties of Andrews, Brewster, Crane, Crockett, Culberson, El Paso, Hudspeth, Jeff Davis,

Loving, Pecos, Presidio, Reagan, Reeves, Terrell, Upton, Ward, and Winkler). As such, we are without freestanding writ jurisdiction under Section 22.221(b)(1) to issue a writ of mandamus against the County Court at Law No. 2 of Travis County because it is outside of the Eighth Court of Appeals District. *Accord In re Barnes*, 528 S.W.3d 822, 823 (Tex.App.--Texarkana 2017, orig. proceeding) (court of appeals cannot exercise mandamus jurisdiction over judge located outside court of appeals district).

Jackson does have an appeal of a bill of review action from the County Court at Law No. 2 of Travis County styled *Reggie Ariel Jackson v. Kyanne Katrina Cave*, No. 08-19-00260-CV, currently pending in this Court. Although the County Court at Law No. 2 of Travis County is inside the geographic bounds of the Third Court of Appeals District, and an appeal from that county court would ordinarily be disposed of by the Third Court of Appeals, *see* TEX.GOV'T CODE ANN. 22.201(d), Jackson's appeal landed in this Court as the result of a docket equalization transfer order issued by the Supreme Court of Texas which transferred this case from the Third Court of Appeals to the Eighth Court of Appeals. *See* Order, Transfer of Cases from Courts of Appeals, Misc. Docket No. 19-9091 (Tex. Oct. 1, 2019); *see also* TEX.GOV'T CODE ANN. § 73.001 (authorizing the transfer of appeals between appellate court districts). As such, while we do not have the direct ability to issue a mandamus against the County Court at Law No. 2 of Travis County under Section 22.221(b)(1), we could theoretically have jurisdiction to issue a writ of mandamus against the County Court at Law No. 2 of Travis County under Section 22.221(a) if it were necessary for us to preserve our own jurisdiction over Jackson's appeal from that court.

That said, Jackson has not shown that the issuance of the writ is necessary to enforce our appellate jurisdiction in Cause No. 08-19-00260-CV. It is not clear from his application how the trial court's alleged failure to rule on his motion to strike testimony affects or threatens our

2

jurisdiction over his appeal.  For this reason, jurisdiction under Section 22.221(a) has not been established under these circumstances.[1]

Because we do not have freestanding writ jurisdiction over the County Court at Law No. 2 of Travis County because it is outside our geographic district, and because Jackson has not shown that a writ of mandamus is necessary to preserve the Court's jurisdiction over the appeal that was transferred to this Court from the Third Court of Appeals, we lack mandamus jurisdiction over his petition.  Consequently, we dismiss the mandamus petition for want of jurisdiction.[2]

JEFF ALLEY, Chief Justice

February 5, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

---

[1] Even if the Court did have jurisdiction over this mandamus application, mandamus relief is appropriate only to correct a clear abuse of discretion or to compel the performance of a ministerial duty, and where the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding).  The burden is on the relator to show he is entitled to mandamus relief. *See In re Ford Motor Company*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding).  Jackson has not in any event explained how his complaint against the trial court's actions meets the standard for mandamus relief.

[2] Jackson's appeal in Cause No. 08-19-00260-CV remains pending in this Court and is unaffected by this ruling on Jackson's writ of mandamus petition.