

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00095-CR
_____

IN RE ANTHONY WASHINGTON

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

Anthony Washington has petitioned this Court for mandamus relief. Washington claims that the trial court has failed to act on a requested disposition under the Interstate Agreement on Detainers Act.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 51.14. Washington has not provided a sufficient record to merit mandamus relief, and we deny his petition.

## I. Standard of Review

To be entitled to mandamus relief, the relator must show (1) that he has no adequate remedy at law and (2) that the action he seeks to compel is ministerial, not one involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The relator is obligated to provide this Court with a record sufficient to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.7. Before mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding); *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) ("Showing that

---

[1]In his petition, Washington also seems to ask us to compel the Bowie County District Attorney to act on his request for disposition under the Interstate Agreement on Detainers Act. This Court has jurisdiction to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221(b) (Supp.). We do not have mandamus jurisdiction over a district attorney's office unless to enforce this Court's jurisdiction. *Id.*; *see also In re Barnes*, 528 S.W.3d 822, 823 (Tex. App.—Texarkana 2017, orig. proceeding).

a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling.").

## II.      Application

Although Washington has included a file-stamped copy of a request for disposition under the Interstate Agreement on Detainers Act, he has not supplied a certified copy of that motion, as required by the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 52.7.  Nor has he provided anything to suggest the matter has been presented to the trial court.

Washington has failed to demonstrate that he lacks an adequate remedy at law or that he is entitled to the extraordinary relief sought.  We deny his requested relief.

Ralph K. Burgess
Justice

Date Submitted:        October 18, 2021
Date Decided:          October 19, 2021

Do Not Publish

3