

# NUMBER 13-25-00055-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE MATTHEW THOMPSON

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Silva[1]**

Relator Matthew Thompson filed a pro se petition for writ of mandamus seeking to compel the Justice of the Peace for Precinct 4 of Chambers County, Texas "to rule on the pending motions related to the case, including motions concerning fraud, breach of contract, theft by deception, tax evasion, exploitation of a disabled individual, and damages."

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a). The main source of original jurisdiction for the courts of appeals is provided by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that an intermediate appellate court may issue writs of mandamus against specified judges in its district and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b), (c).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction over this original proceeding. First, relator seeks mandamus relief arising from actions taken in Chambers County; however, Chambers County is not located within our district and is instead located within the districts for the First and Fourteenth Courts of Appeals. *See* TEX. GOV'T CODE ANN. § 22.201(b) (delineating the counties in the First Court of Appeals District); *id.* § 22.201(n) (enumerating the counties in the Thirteenth Court of Appeals District); *id.* § 22.201(o) (listing the counties in the Fourteenth Court of Appeals District); *In re Barnes*, 528 S.W.3d 822, 823 (Tex. App.—Texarkana 2017, orig. proceeding) (discussing the territorial jurisdiction required for mandamus relief). Second, a justice of the peace is not one of the judges over whom we possess mandamus jurisdiction. TEX. GOV'T CODE ANN. § 22.221(b), (c); *In re Resendez*, 501 S.W.3d 680, 681 (Tex. App.—San Antonio 2016, orig. proceeding) (per curiam); *see also In re Kottke*, No. 03-24-00764-CV, 2024 WL

4885837, at *1 (Tex. App.—Austin Nov. 26, 2024, orig. proceeding) (mem. op.) (collecting cases). Third, relator has neither argued nor shown that a writ of mandamus is necessary to enforce our jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a); *In re Barnes*, 528 S.W.3d at 823. Accordingly, we dismiss the petition for writ of mandamus for lack of jurisdiction.

CLARISSA SILVA
Justice

Delivered and filed on the
12th day of February, 2025.

3