**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed August 11, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00369-CV

### IN RE JUAN CANO, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1178374**

### MEMORANDUM OPINION

On May 23, 2022, relator Juan Cano filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Miryea Ayala, presiding judge of the County Civil Court at Law No. 4 of Harris County, to vacate the county court's May 10, 2022 order of transfer to district court. In his sole issue, Cano contends that the county court abused its discretion in ordering the transfer and consolidation and that Cano is entitled to relief because he does not have an adequate remedy by appeal. We conditionally grant the petition.

**BACKGROUND**

On November 22, 2021, Cano sued Devon Denbina in Harris County Civil Court at Law No. 4 for theft of Cano's personal property. In Cano's original petition, he alleges that in June 2021, "to protect his granddaughter from ongoing abuse while she is in [Denbina's] possession," he provided his teenage granddaughter "his phone, phone charger, and monthly phone service for her personal use." According to Cano, on November 7, 2021, Denbina took possession of the phone without Cano's consent and has refused to return the property to Cano despite written demand for its return. Cano asserts that Denbina's appropriation of Cano's property is unlawful and is actionable under the Texas Theft Liability Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 134.001–.005.

In February 2022, Denbina filed a motion to consolidate and motion to transfer in both the county court suit and in a suit affecting the parent-child relationship ("SAPCR") pending in the 310th Judicial District Court of Harris County between Cristina Denbina and Devon Denbina, parents of O.R.D. Denbina argued that "[t]he claims being asserted arise from the very same facts as exist in the modification cause of action."

Cano opposed the motion in county court, noting in his response that Denbina failed to attach any evidence, pleadings, or an affidavit factually supporting the motion and did not cite any case law supporting a legal basis for consolidation. Cano further argued that the two cases involve different parties and different issues. In the district court, Cristina filed her opposition to the transfer and consolidation. Cristina argued that the cases are factually and legally distinct. Namely, Cano sued Denbina in county court for theft; Cano is not a party to the district court action; Cano is not seeking parental rights, or child support, or any other parenting plan modification in the SAPCR. Thus, Cristina maintained there was no basis for transfer and consolidation of the two underlying cases.

On April 6, 2022, the district court denied Denbina's motion to transfer and motion to consolidate. Two days later, on April 8, 2022, the county court denied Denbina's motion to transfer and motion to consolidate.

Thereafter, on May 10, 2022, the district court *sua sponte* voided the order denying Denbina's motion. A May 10, 2022 docket sheet entry of the district court provides that "[a]fter further consideration and consultation with Judge Miryea Ayala (Harris County Civil Court at Law No. 4), case # 1178374 will be transferred and consolidated into 2009-00064." Additionally, on May 10, 2022, the county court signed an order of transfer to district court, noting that the county court "reconsidered the requested transfer of this matter to District Court for possible consolidation with a pending action in district court."

On May 23, 2022, Cano filed his petition for writ of mandamus as well as a motion for temporary relief and stay in this Court. We requested that the real party in interest respond to both the motion to stay and the petition; however, the real party in interest did not respond to either the motion for temporary relief or the petition for writ of mandamus. On June 15, 2022, the Court denied the motion for temporary relief.

## MANDAMUS STANDARD OF REVIEW

Ordinarily, to be entitled to a writ of mandamus, the relator must show that the trial court clearly abused its discretion, and that the relator lacks an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without regard to guiding legal principles. *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 293–94 (Tex. 2016) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* at 294; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). Thus, the trial court's failure to analyze or apply the law

correctly constitutes an abuse of discretion. *See In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding).

Relator also must demonstrate that he does not have an adequate remedy at law, such as a remedy by an appeal. *See In re J.B. Hunt Transp.*, 492 S.W.3d at 299. The adequacy of appeal as a remedy for an alleged clear abuse of discretion in an interlocutory ruling involves a balance of jurisprudential considerations that "implicate both public and private interests." *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam) (internal quotations omitted); *see also In re Prudential Ins. Co.*, 148 S.W.3d at 136. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *See In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co.*, 148 S.W.3d at 136.

## TRANSFER/CONSOLIDATION

In a singular issue, Cano contends that the county court abused its discretion in ordering the transfer/consolidation to district court. Cano argues that the county court did not have any basis to transfer and consolidate the Theft Liability Act suit and the SAPCR suit because there are no common issues of law or fact.

Rule 174(a) of the Texas Rules of Civil Procedure provides that "[w]hen actions involving common question of law or fact are pending before the court," a court "may order all actions consolidated." Tex. R. Civ. P. 174(a). Consolidation "involves merging separate suits into a single proceeding under one docket number." *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 432 (Tex. App.—Houston [1st Dist.] 2007, no pet).

A trial court has broad discretion, but not unlimited discretion, to consolidate cases with common issues of law or fact. *See In re Hous. Livestock Show & Rodeo, Inc.*, No. 01-18-00825-CV, 2019 WL 2376120, at *5 (Tex. App.—Houston [1st Dist.] June 6, 2019, orig. proceeding) (mem. op.) (citing *In re Woodward*,

4

No. 12-16-00032-CV, 2016 WL 1731473, at *2 (Tex. App.—Tyler Apr. 29, 2016, orig. proceeding) (mem. op.); *In re Gulf Coast Bus. Dev. Corp.*, 247 S.W.3d 787, 794 (Tex. App.—Dallas 2008, orig. proceeding); *Lone Star Ford, Inc. v. McCormick*, 838 S.W.2d 734, 737 (Tex. App.— Houston [1st Dist.] 1992, writ denied)). In determining whether to consolidate, the trial court must "exercise a sound and legal discretion within limits created by the circumstances of the particular case" and consider whether the legal rights of the parties will be prejudiced by consolidation. *Gulf Coast*, 247 S.W.3d at 794.

A trial court may consolidate actions that relate to substantially the same transaction, occurrence, subject matter, or question. *Id.* "The actions should be so related that the evidence presented will be material, relevant, and admissible in each case." *Id.* A trial court may abuse its discretion by "incorrectly resolving the relatedness issue or by consolidating cases when the consolidation results in prejudice to the complaining party." *Id.* (internal quotations omitted). "The central and primary requirement for consolidation of actions as directed by rule 174(a) is that there must exist common issues of law or fact in both cases." *Id.* at 795. "Consolidation is improper 'if the parties and issues differ.'" *Hous. Livestock Show & Rodeo*, 2019 WL 2376120, at *5 (quoting *Hong Kong Dev.*, 229 S.W.3d at 439).

Here, the record supports Cano's contention that transfer and consolidation of the two underlying cases was improper because the lawsuits do not have common issues of law and fact in both cases. The county court case alleges a cause of action against Denbina for theft and seeks monetary relief. The district court case is a SAPCR between Cristina and Denbina involving the custody rights and possession of their minor child. Even if the cases have some relation through the parties' relationship with the minor child, the operative facts and applicable law in each case differ. Moreover, Cano contends that the transfer and consolidation of the two cases results in delay and prejudice to Cano. Cano maintains that

5

discovery is complete in the county court theft case, mediation has been ordered, and trial has been set. Cano asserts, however, that the SAPCR suit has been pending for more than a year, has costly witnesses, an amicus, and is proceeding under a more burdensome discovery level. Given the record before us, judicial economy is not served by transfer and consolidation. Absent common issues of law and fact and with the evidence of prejudice to Cano, transfer of the case from county court to district court and consolidation of the two cases in the 310th district court was improper. The county court abused its discretion in transferring the case to district court for the consolidation of the two suits. *See Hous. Livestock Show & Rodeo*, 2019 WL 2376120, at \*6; *Gulf Coast*, 247 S.W.3d at 796.

Additionally, Cano contends that he has no adequate remedy by appeal. "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co.*, 148 S.W.3d at 136. "There is no definitive list of when an appeal will be 'adequate,' as it depends on a careful balance of the case-specific benefits and detriments of delaying or interrupting a particular proceeding." *In re Gulf Expl., LLC*, 289 S.W.3d 836, 842 (Tex. 2009) (orig. proceeding). On the record before this Court, we conclude there is no adequate remedy at law and that mandamus is appropriate to cure the improper transfer and consolidation. *See Houston Livestock Show & Rodeo, Inc.*, 2019 WL 2376120, at \*6; *Gulf Coast*, 247 S.W.3d at 797.

### CONCLUSION

We hold that Cano has established that the county court abused its discretion by ordering the transfer and consolidation and that Cano does not have an adequate remedy by appeal. Therefore, we conditionally grant the petition for writ of mandamus, and direct the county court to vacate its May 10, 2022 order of transfer to district court. We are confident the county court will act in accordance with this opinion and the writ will issue only if the county court fails to comply.

PER CURIAM

Panel consists of Justices Bourliot, Hassan, and Wilson.